## In re HOFFMAN.

### No. 161.

District Court of the United States for the District of Columbia.

Oct. 4, 1946.

Bernard Margolius, of Washington, D. C., for the motion.

J. Grahame Walker, of Washington, D. C., opposed.

HOLTZOFF, Associate Justice.

This is a motion to dismiss a rule to show cause why the respondent should not be punished for contempt of court in that he disobeyed an injunction restraining him from violating certain regulations issued by the Office of Price Administration.

The ground of the motion is that the respondent claims to be entitled to immunity from prosecution because he produced certain documents in response to a subpoena duces tecum issued by the Office of Price Administration and the information which gave rise to the contempt proceeding was obtained from such documents. In effect, the present motion is equivalent to a special plea in bar interposing immunity from prosecution as a complete defense.

The motion is based on provisions of Title II, Section 202(g) of the Emergency Price Control Act, which is also found in Title 50, United States Code Annotated, Section 922(g). That section provides that "No person shall be excused from complying with any requirements under this section because of his privilege against self-incrimination, but the immunity provisions of the Compulsory Testimony Act of February 11, 1893, shall apply with respect to any individual who specifically claims such privilege." The Compulsory Testimony Act of 1893, which is found in United States Code Annotated, Title 49, Section 46, provides, in effect, that no person shall be excused from producing records before the Interstate Commerce Commission, but no person shall be prosecuted for, or on account of, any transaction, matter, or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before said commission.

These two statutes must be taken together, as the Compulsory Testimony Act of 1893 is expressly incorporated by reference in the Emergency Price Control Act.

The two statutes are unambiguous. They exempt from prosecution any person who produces records in response to a subpoena issued by the administrative agency if the prosecution is to be based on information contained in such records.

It is claimed by the Administrator, however, that the statute should not receive this broad construction. Subsection (b) of the same section of the Emergency Price Control Act authorizes the Administrator to require any person who is engaged in the business of dealing in any commodity to make and keep records and other documents and to furnish information. It is admitted that the records involved in this proceeding are records which the Administrator required to be kept under the regulations issued by him pursuant to this statutory authority. The Administrator claims that the immunity provision should not apply in respect of records which are so required to be maintained, but only as to any other records or information. The Administrator bases his contention on the proposition that the privilege of the Fifth Amendment does not apply to records which regulations require to be kept.

The difficulty is, however, that the statute contains no such exception and no such limitation. It may well be that the statutory immunity is broader than the constitutional immunity. As to that, I express no opinion. To read into the statute the qualification which the Administrator would have this Court insert into the Act would practically be to amend an Act of Congress by judicial construction. The Act as it stands is unambiguous and unequivocal as well as comprehensive. An insertion of the restriction would, in effect, be an amendment of the Act.

The Court is impressed by the argument of the Administrator that the broad immunity provisions would frequently defeat criminal prosecutions and contempt proceedings brought to enforce the Emergency Price Control Act and the regulations issued thereunder. This is a consideration, however, to be addressed to the Congress, rather than to a judicial tribunal, because, as frequently has been said, if a statute is unambiguous, there is no room for construction. If the Congress made the immunity provision so broad as to hamper and perhaps at times frustrate enforcement, Congress alone can provide the remedy.

It is my view that the statute should be construed so as to accord immunity from prosecution on the basis of information obtained from any records produced in response to a subpoena issued by the Administrator, because the statute contains no exception and no limitation and there is no ambiguity or obscurity in the legislative enactment.

For these reasons, I shall grant the motion and dismiss the rule.