## UNITED STATES *v.* HOFFMAN.

No. 97.   Argued October 23, 1947.—Decided June 21, 1948.

*Solicitor General Perlman* argued the cause for the United States.   With him on the brief were *Assistant Attorney General Quinn, Philip Elman, Robert S. Erdahl* and *Irving S. Shapiro.*

*Bernard Margolius* argued the cause for appellee. With him on the brief was *Joseph B. Danzansky.*

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

On Feb. 27, 1946, the Price Administrator filed a petition, in the District Court for the District of Columbia, to institute criminal contempt proceedings against appellee. The petition charged appellee with having made numerous sales of used cars at over-ceiling prices in violation of an injunction previously issued by the District Court. A rule to show cause was issued, but was dismissed on motion of the appellee, on the ground that he was entitled to immunity under § 202 (g) of the Emergency Price Control Act from prosecution for the transactions upon which the petition was founded. 68 F. Supp. 53.

The Government brought this appeal, under the provisions of the Criminal Appeals Act,[1] to review the decision of the District Court. The main issue is the same as that presented in the companion case, *Shapiro v. United States, ante,* p. 1, but two additional minor questions are raised:

1. Appellee urges that the appeal was not properly taken by the United States because the Government was not a party to the proceedings in the District Court. The record shows, however, that the litigation was instituted in that court by a petition of the OPA District Enforcement Attorney on behalf of the Price Administrator. When the rule to show cause was issued, the court appointed the United States Attorney and the OPA District Enforcement Attorney as "attorneys to prosecute

---

[1] 34 Stat. 1246, as amended by 56 Stat. 271, 18 U. S. C. (Supp. V, 1946) § 682, and by § 238 of the Judicial Code as amended, 28 U. S. C. § 345.

the criminal charges contained in the petition filed herein on behalf of the Court and of the United States." See Rule 42 (b) of the Rules of Criminal Procedure, 327 U. S. 865–66. Thus the United States was, in any relevant sense, a party to the proceedings, and the appeal was properly brought under the Criminal Appeals Act. See *United States* v. *Goldman,* 277 U. S. 229, 235 (1928); *Ex parte Grossman,* 267 U. S. 87, 115 *et seq.* (1925).

2. The Government mentions a further consideration, not involved in the *Shapiro* case. The record does not state that the appellee was sworn and produced the records under oath, a condition precedent to the attainment of immunity under a 1906 Amendment, 49 U. S. C. § 48, to the Compulsory Testimony Act of 1893. It is unnecessary to consider this contention both because it does not appear to have been duly raised in the court below, and because the grounds considered and the views set forth in our opinion in the *Shapiro* case suffice to dispose of this appeal.

The decision of the District Court is reversed and the case remanded for further proceedings.

*Reversed.*

MR. JUSTICE FRANKFURTER dissents for the reasons stated in his dissenting opinion in *Shapiro* v. *United States, ante,* p. 36. MR. JUSTICE JACKSON and MR. JUSTICE MURPHY dissent for the reasons stated in MR. JUSTICE JACKSON's dissenting opinion in *Shapiro* v. *United States, ante,* p. 70. MR. JUSTICE RUTLEDGE dissents for the reasons stated in his dissenting opinion in *Shapiro* v. *United States, ante,* p. 71.