Eddie Anthony OLGUIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9793.

United States Court of Appeals
Tenth Circuit.

April 10, 1968.

Frederick J. Myers, Wheat Ridge, Colo., for appellant.

Milton C. Branch, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U.

S. Atty., Denver, Colo., with him on the brief), for appellee.

Before MARVIN JONES,* SETH and HICKEY, Circuit Judges.

PER CURIAM.

The appellant registered for the draft on November 23, 1964. The registration form contains a statement that he is a conscientious objector. The local board deferred him as a student during 1964 and 1965. In August of 1965 a Current Information Questionnaire was mailed to appellant. He returned the completed document with an attachment setting forth two statements of personal religious philosophy. The board mailed a special form for conscientious objectors to him on December 6, 1965, which was returned December 16, 1965, relating that he is a member of the Jehovah's Witnesses sect. On January 18, 1966, the board again deferred appellant as a student for the school year which ended in June of 1966. The local board also considered the conscientious objector classification but concluded that it was not warranted.

On September 27, 1966, appellant was classified 1A and notice thereof was sent to him. In October, 1966, he was directed to take his pre-induction physical examination which disclosed he was physically and mentally qualified. On March 31, 1967, he visited the local board where he expressed a desire to appeal his 1A classification and was advised by the clerk that the time for appeal had long since expired. He then for the first time claimed that he was an ordained minister of the Jehovah's Witnesses sect and should be reclassified on that basis. The clerk of the local board advised him to obtain a certificate that he was a "pioneer" and promised that she would submit it to the board for consideration. The certificate was never presented by appellant.

On April 13, 1967, appellant was notified that he should report for induction into the Armed Forces on May 8, 1967.

He appeared, but refused to step forward and take the oath. He was subsequently informed against, waived a jury trial, and was found guilty by the trial judge of violating Section 462 of the Universal Military Training and Service Act, 50 U.S.C.A.App. § 451 et seq. He now appeals that conviction.

The limited issue before this court is whether or not there was a basis in fact for appellant's 1A classification.

The courts cannot review the correctness of a board's action if there is any evidence or "basis in fact" to support the decision of the board. Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Dickinson v. United States, 346 U.S. 389, 394, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Cox v. United States, 332 U.S. 442, 448–449, 68 S.Ct. 115, 92 L.Ed. 59 (1947); Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Roberson v. United States, 208 F.2d 166, 167 (10th Cir. 1953).

The board's action may be set aside if there is evidence that it was arbitrary and capricious, based upon bias or prejudice, or that the registrant was denied a procedural right and such denial was actually prejudicial to his substantial rights. Atkins v. United States, 204 F.2d 269 (10th Cir. 1953); Swaczyk v. United States, 156 F.2d 17 (1st Cir. 1946); United States ex rel. Woodard v. Deahl, 151 F.2d 413 (8th Cir. 1945). Appellant makes no claim that the board's action was arbitrary or capricious. He claims that there was no basis in fact for the classification and that his procedural rights were denied.

We turn to an examination of these issues. Appellant does not challenge the jurisdiction of the board to grant him the initial deferments as a student; hence, the jurisdiction of the board is acknowledged.

Appellant relies upon the fact that his initial registration contained a

* Senior Judge of the United States Court of Claims, Washington, D. C., sitting by designation.

statement that he is a conscientious objector and his subsequent conscientious objector's questionnaire set out that he is a member of the Jehovah's Witnesses sect. A registrant cannot claim conscientious objector status as a matter or right simply because he produces certain objective matter—such as membership in a religious sect which advocates pacifism—which tends to support his claim. Witmer v. United States, supra, 348 U.S. at 381, 75 S.Ct. 392; Salamy v. United States, 379 F.2d 838, 842 (10th Cir. 1967). The crucial issue in a conscientious objector case is the sincerity of the registrant's objection to war on religious grounds. Sincerity is a subjective matter and objective facts are of value only to the extent they reflect on the registrant's sincerity. The burden is upon the registrant to establish his eligibility for deferment or exemption from military training or service to the satisfaction of the local board. Dickinson v. United States, supra; Nickerson v. United States, 391 F.2d 760 (10th Cir. 1968); Salamy v. United States, supra; Pickens v. Cox, 282 F.2d 784, 785 (10th Cir. 1960); Swaczyk v. United States, supra.

Appellant herein did not appeal any of the classification steps taken by the local board in the process of induction. It was only after his appeal rights had long since expired that he went to the board to appeal his 1A classification. When he learned his appeal rights had expired, he proceeded on another course requesting reclassification on the ground that he was an ordained minister. The clerk advised him to produce this evidence and it would be presented to the board. Although more than a month transpired between this appearance and his date of induction, the requested evidence was not presented to the board.

■ Classification is an essential step in the process of induction. Knox v. United States, 200 F.2d 398, 402 (9th Cir. 1952). Unless an appeal is taken to a Selective Service Appeal Board, the local board's decision on a registrant's claim is final. United States v. Capson, 347 F.2d 959, 963 (10th Cir. 1965); Kaline v. United States, 235 F.2d 54, 62 (9th Cir. 1956).

■ We find no exceptional or unusual circumstances underlying the failure to appeal. Thompson v. United States, 380 F.2d 86, 88 (10th Cir. 1967).

· Affirmed.