# UNITED STATES *v.* WELLER

No. 77.  Argued December 10, 1970—Decided February 24, 1971

STEWART, J., delivered the opinion of the Court, in which BURGER, C. J., and BLACK, HARLAN, BRENNAN, WHITE, MARSHALL, and BLACKMUN, JJ., joined. DOUGLAS, J., filed a dissenting opinion, *post,* p. 261.

*James van R. Springer* argued the cause for the United States. On the brief were *Solicitor General Griswold, Assistant Attorney General Wilson, Beatrice Rosenberg, Philip R. Monahan,* and *Roger A. Pauley.*

*Marvin M. Karpatkin* argued the cause for appellee. With him on the brief were *Michael N. Pollet, Melvin L. Wulf,* and *Rhoda H. Karpatkin.*

MR. JUSTICE STEWART delivered the opinion of the Court.

In this case we are called upon once again to construe the elusive provisions of the Criminal Appeals Act, 18 U. S. C. § 3731.[1] Somewhat ironically, the argument that we have no jurisdiction over this appeal is made by the appellant, the United States. The appellee, on the other hand, insists the case is properly here.

A grand jury in the United States District Court for the Northern District of California indicted the appellee for refusing to submit to induction into the Armed Forces, a violation of 50 U. S. C. App. § 462 (a) (1964 ed.,

---

[1] The end of our problems with this Act is finally in sight. The Omnibus Crime Control Act of 1970, § 14 (a), 84 Stat. 1890, amended the Criminal Appeals Act to read in pertinent part as follows:

"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."

This Court's appellate jurisdiction of Government appeals in federal criminal cases has thus been eliminated. Pending cases, however, are not affected, since subsection (b) of the amending section provides:

"The amendments made by this section shall not apply with respect to any criminal case begun in any district court before the effective date of this section."

The Omnibus Crime Control Act of 1970 took effect on January 2, 1971. The appellee in this case was indicted on January 15, 1969.

Supp. V).[2]  In the Selective Service proceedings leading up to his induction notice, the appellee sought conscientious objector status.  He specifically requested that his lawyer be allowed to accompany him at the time of his personal appearance before his local board, but the board, relying on 32 CFR § 1624.1 (b), denied the request and conducted the personal appearance without the appellee's counsel present.[3]  Subsequently, the board declined to reopen the appellee's I–A classification, and the appellee unsuccessfully exhausted administrative review.  His order to report for induction, his refusal to submit, and this prosecution followed.

The appellee moved before trial to dismiss his indictment on the ground, among others, that the denial of counsel at the time of his personal appearance before the board deprived him of due process of law under the Fifth Amendment.  The District Court did not squarely decide this constitutional claim, but granted the motion to dismiss on the ground that the regulation prohibiting representation by counsel at a registrant's personal appearance was not authorized by the Military Selective Service Act.  309 F. Supp. 50.  The court relied primarily upon *Greene* v. *McElroy,* 360 U. S. 474, in which our opinion underscored "the Court's concern that traditional forms of fair procedure not be restricted by

---

[2] Military Selective Service Act of 1967, § 12 (a), 50 U. S. C. App. § 462 (a) (1964 ed., Supp. V), provides in pertinent part:

"[A]ny person . . . who . . . refuses . . . service in the armed forces . . . or who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title . . . shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment . . . ."

[3] 32 CFR § 1624.1 (b) (1970) provides in pertinent part:

"[N]o registrant may be represented before the local board by anyone acting as attorney or legal counsel."

implication or without the most explicit action by the Nation's lawmakers, even in areas where it is possible that the Constitution presents no inhibition." 360 U. S., at 508. Viewing the personal appearance as "a critical stage of an administrative process at which substantial rights are adjudicated," 309 F. Supp., at 51, the District Court found the various provisions of the Selective Service Act conferring rulemaking power on the Executive insufficient to authorize a regulation denying counsel at local board hearings.[4]

The United States filed a notice of appeal to this Court. Subsequently, the Government reconsidered its position and concluded that this Court lacked jurisdiction over the appeal. Accordingly, the Solicitor General filed a motion asking us to remand the case to the United States Court of Appeals for the Ninth Circuit. We postponed further consideration of the question of jurisdiction until the hearing of the case on the merits. 397 U. S. 985. We now conclude that this appeal is not properly here and, pursuant to the provisions of the Criminal Appeals Act, remand the case to the Court of Appeals.[5]

The appellee urges that we have jurisdiction under either of two sections of the Act, one relating to dis-

---

[4] The District Court cited Military Selective Service Act § 10 (b)(3), 50 U. S. C. App. § 460 (b)(3) (1964 ed., Supp. V), and § 1 (c) of the Act, 50 U. S. C. App. § 451 (c). See also Military Selective Service Act §§ 5 (a)(1), 10 (b)(1), 50 U. S. C. App. §§ 455 (a)(1) (1964 ed., Supp. V), 460 (b)(1).

[5] See 18 U. S. C. § 3731:

.        .        .        .

"If an appeal shall be taken, pursuant to this section, to the Supreme Court of the United States which, in the opinion of that Court, should have been taken to a court of appeals, the Supreme Court shall remand the case to the court of appeals, which shall then have jurisdiction to hear and determine the same as if the appeal had been taken to that court in the first instance."

missal of an indictment based on the construction of the statute on which the indictment is founded and the other to motions in bar.[6]   Considering first the "construction of the statute" provision, the controlling precedent is this Court's decision in *United States* v. *Mersky,* 361 U. S. 431.   In that case, as in this one, there were in issue both a statute and a regulation promulgated pursuant to it.   In finding jurisdiction in *Mersky,* however, the Court noted that "neither the statute nor the regulations are complete without the other, and only together do they have any force.   In effect, therefore, the construction of one necessarily involves the construction of the other. . . . When the statute and regulations are so inextricably intertwined, the dismissal must be held to involve the construction of the statute."   361 U. S., at 438.[7]

The relation between the Selective Service Act and the regulation forbidding representation by counsel before local boards is wholly different from the situation in *Mersky.*   The regulation is not at all "called for by the statute itself," 361 U. S., at 438.   Indeed, so independent are the statute and the regulation that it would be entirely possible for a regulation covering the same subject matter to provide exactly the reverse of what the present regulation requires.   It cannot be said here

---

[6] *Ibid.:*

"An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:

"From a decision or judgment . . . dismissing any indictment . . . where such decision or judgment is based upon the . . . construction of the statute upon which the indictment . . . is founded.

.          .          .          .          .

"From the decision or judgment sustaining a motion in bar, when the defendant has not been put in jeopardy."

[7] The dissenting opinions would have found jurisdiction wanting in *Mersky.*   361 U. S., at 444, 453.

that "the construction of one necessarily involves the construction of the other." Since this statute and this regulation fall so far short of being "inextricably intertwined," we conclude that the dismissal of the appellee's indictment was not "based upon the . . . construction of the statute." [8]

We turn, accordingly, to the "motion in bar" provision of the Criminal Appeals Act. Two preliminary observations are necessary. First, a "motion in bar" must be taken to mean whatever was meant by a "special plea in bar" in the Act as originally passed in 1907.[9] Second, this Court has never settled on a definitive interpretation of what constitutes a "motion in bar." [10]

During its debates on the Criminal Appeals Act in 1907, Congress paid relatively little attention to the "special plea in bar" section of the Act. The clearest statement of its meaning was given by one of the bill's cosponsors, Senator Patterson:

> "A special plea in bar is that which is set up as a special defense notwithstanding the defendant may be guilty of the offenses with which he is charged;

---

[8] It is suggested in dissent that we have jurisdiction because of the language in 50 U. S. C. App. § 460 (b)(3) (1964 ed., Supp. V) conferring upon local boards the power "to hear and determine" claims for exemption and deferment from military service. The record does not indicate that this statutory language was mentioned by the appellee in the District Court, and the court did not rely upon the "hear and determine" clause in dismissing the indictment. The theory of the dissent was not urged before this Court, perhaps because the parties realized that it can hardly be said that a dismissal of an indictment was "based upon" a construction of a statutory provision that the District Court never even considered.

[9] *United States* v. *Sisson,* 399 U. S. 267, 292–293, n. 22; Note 4 of Advisory Committee to Fed. Rule Crim. Proc. 54 (c), reprinted following Fed. Rule Crim. Proc. 54, 18 U. S. C. App.

[10] *United States* v. *Sisson,* 399 U. S., at 300 and nn. 53–54.

> it is for some outside matter; yet it may have been connected with the case." [11]

The tenor of this definition accords with traditional usage, for at common law the most usual special plea in bar took the form of confession and avoidance. 1 J. Chitty, Treatise on Pleading and Parties to Actions *551–552 (16th Am. ed. 1883). In criminal cases the most common special pleas in bar presented claims of double jeopardy or pardon, 2 J. Bishop, New Criminal Procedure § 742 (2d ed. 1913), and sometimes the statute of limitations, *id.*, at § 799 (5).

A characteristic common to all these definitions is that a special plea in bar did not deny that a defendant had committed the acts alleged and that the acts were a crime. Rather, it claimed that nevertheless he could not be prosecuted for his crime because of some extraneous factor. A situation in which the defendant claims that his act was simply not a crime would be beyond the scope of this test.

Our decisions are consistent with this reading of the "motion in bar" provision. In early cases under the section, the most familiar plea in bar interposed the statute of limitations. *E. g., United States* v. *Goldman,* 277 U. S. 229, 236–237; *United States* v. *Rabinowich,* 238 U. S. 78, 83–84. In other cases defendants have claimed immunity because of prior self-incriminatory testimony or a statutory grant of immunity. *United States* v. *Blue,* 384 U. S. 251; *United States* v. *Hoffman,* 335 U. S. 77, 78; *United States* v. *Monia,* 317 U. S. 424. See also *United States* v. *Ewell,* 383 U. S. 116 (speedy trial); *United States* v. *Hark,* 320 U. S. 531 (governing regulation revoked after violation but before indictment); *United States* v. *Thompson,* 251 U. S. 407 (first grand jury refused to indict; charges submitted to second grand jury without

---

[11] 41 Cong. Rec. 2753.

court approval); *United States* v. *Celestine*, 215 U. S. 278 (challenge to federal jurisdiction).[12]

Testing the appellee's motion to dismiss by this standard, we think it plain that it cannot qualify as a "motion in bar." The appellee did not deny that he refused to submit to induction, but he claimed that his conduct was not a crime because of the prior denial of counsel. He has not confessed to a crime and claimed immunity from prosecution; he argues that he has committed no crime.

We conclude, therefore, that we have no jurisdiction over this appeal under either the "construction of the statute" or "motion in bar" provisions of the Criminal Appeals Act. Accordingly, this case is remanded to the United States Court of Appeals for the Ninth Circuit for further proceedings in that court.

*It is so ordered.*

Mr. Justice Douglas, dissenting.

I believe that the appeal is properly here and I believe that *United States* v. *Mersky*, 361 U. S. 431, is a precedent that sustains my view and may not properly be distinguished as the Court undertakes to do.

In *Mersky* a statute governing the labeling of imported articles was involved. The Act made it mandatory to label articles of foreign origin with "the English name of the country of origin." It also said that the Secretary of the Treasury "may" determine the "words and phrases or abbreviations" which were acceptable "as indicating the country of origin." 19 U. S. C. § 1304 (a).

---

[12] Only two cases appear difficult to reconcile with the test adopted in text, and these are of dubious parentage. In *United States* v. *Covington*, 395 U. S. 57, and *United States* v. *Murdock*, 284 U. S. 141, defendants were being prosecuted for refusals to answer which they justified on grounds of Fifth Amendment privilege. *Murdock* itself, however, said that the plea was not appropriately presented as one in bar. 284 U. S., at 151. In *Covington*, we cited *Murdock* in assuming jurisdiction. 395 U. S., at 59 n. 2.

We held that the Act and the regulation were "so inextricably intertwined" that dismissal of the information "must be held to involve the construction of the statute." 361 U. S., at 438.

In the present case the Court concludes that the provision of the Military Selective Service Act of 1967 in issue and the regulations are "far short" of being "inextricably intertwined." But, with all respect, the only section of the Act quoted is the penal provision defining the crime of refusing to be inducted.[1] The more relevant section is § 10 (b)(3), 50 U. S. C. App. § 460 (b)(3) (1964 ed., Supp. V), which reads in relevant part:

"Such local boards, or separate panels thereof each consisting of three or more members, shall, under rules and regulations prescribed by the President [§ 10 (b)(1)], have the power within the respective jurisdictions of such local boards *to hear and determine,* subject to the right of appeal . . . , all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this title . . . ." (Emphasis added.)

The question turns on the meaning of *"to hear and determine."* President Truman, pursuant to his rule-making power granted by § 10 (b)(1), promulgated on August 20, 1948, a regulation, now 32 CFR § 1624.1, which described the kind of "hearing" to which a registrant is entitled.[2] More precisely does the power "to

---

[1] As we noted only last Term in dealing with this same statute, "As a matter of sound construction, however, 'statute upon which the indictment . . . is founded' should be read to include the entire statute, and not simply the penalty provisions." *United States* v. *Sisson,* 399 U. S. 267, 280 n. 9.

[2] The predecessor of 32 CFR § 1624.1, as promulgated by President Truman, provided in relevant part:

"(a) Every registrant, after his classification is determined by the local board (except a classification which is itself determined

hear and determine" include the right of a registrant personally to appear? Does it include the right of a registrant to appear through an attorney or with an attorney? Is the question to be resolved "under the rules and regulations prescribed by the President" or is the Act to be read as including constitutional requirements of counsel? In my view the power "to hear and determine," granted by the Act, may indeed be more intertwined with the regulations than was the Act in the *Mersky* case. For in the latter, the Act, as noted, made it mandatory to label articles of foreign origin with "the English name of the country of origin." The power of the Secretary of the Treasury to promulgate regulations was therefore a power merely to fill in details. In contrast, the present Act leaves to "rules and regulations prescribed by the President" the scope and nature of the power of a local board *"to hear and determine"* the claims of a registrant. Is that constitutionally permissible?

---

upon an appearance before the local board under the provisions of this part), shall have an opportunity to appear in person before the member or members of the local board designated for the purpose if he files a written request therefor within 10 days after the local board has mailed a Notice of Classification (SSS Form No. 110) to him. Such 10-day period may not be extended, except when the local board finds that the registrant was unable to file such request within such period because of circumstances over which he had no control.

"(b) No person other than a registrant shall have the right to appear in person before the local board, but the local board may, in its discretion, permit any person to appear before it with or on behalf of a registrant: *Provided,* That if the registrant does not speak English adequately he may appear with a person to act as interpreter for him: *And provided further,* That no registrant may be represented before the local board by anyone acting as attorney or legal counsel." 13 Fed. Reg. 4858.

Section 1624.1 (a) was amended by President Johnson by Executive Order No. 11350 on May 3, 1967, in respects not material here. 32 Fed. Reg. 6961.

This case, rather than *Mersky,* is more nearly the one where the Act and the regulations are "so inextricably intertwined" that dismissal of the present indictment "must be held to involve the construction of the statute."

The District Court construed "hear and determine" claims of registrants "under rules and regulations prescribed by the President," as those words are used in § 10 (b)(3) of the Act, not to authorize "the constitutionally-suspect action of removing the right to be represented by counsel." 309 F. Supp., at 52. The District Court in granting the motion to dismiss accordingly concluded that it was "loathe to hold that the administrative denial of such a right is either authorized by Congress or is constitutional." *Id.,* at 56. I therefore cannot say that the dismissal of the indictment was not based on a construction of the statute that the District Court never considered.

I would not remit the case to the Court of Appeals but would decide here and now whether in the circumstances here presented the registrant was entitled to the aid of counsel at the hearing before the board.