**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Raymond J. GROCHOWSKI, Defendant-Appellee.**

**No. 18874.**

United States Court of Appeals,
Seventh Circuit.

July 27, 1971.

6. See footnote 3, *supra*.

David J. Cannon, U. S. Atty., Terry E. Mitchell, Richard E. Reilly, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff-appellant.

Sander N. Karp, Greenberg, Karp, Heitzman & Edhlund, Milwaukee, Wis., for defendant-appellee.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendant-Appellee, Raymond J. Grochowski, was indicted for refusing to submit to induction into the Armed Forces. 50 U.S.C.App. § 462. At a hearing conducted prior to trial, defendant claimed he was a conscientious objector; however, the defendant conceded that he had not submitted the special form for conscientious objectors, SSS Form 150, until after he had been indicted for refusing to submit to induction. Apparently, for this reason, the local board refused to consider defendant's claim as presented in his Form 150. Nevertheless, Judge Reynolds held that "the fact that indictment preceded the defendant's formal application for conscientious objector classification should not dictate the result that his claims are not to be heard at all. To hold otherwise might result in finding an innocent man guilty without even giving him a chance to be heard."[1] On motion of the defendant, Judge Reynolds dismissed the indictment and remanded the case to the defendant's local draft board.

The government appeals, contending that either this court or the Supreme Court has jurisdiction under the Criminal Appeals Act, 18 U.S.C. § 3731. However, it is now settled that this court does not have jurisdiction under paragraph 6 of Section 3731 since the dismissal was not based upon defects in the indictment or information, or in the institution of the prosecution. United States v. Ponto, 454 F.2d 647 (7th Cir., 1971); United States v. Findley, 439 F.2d 970 (1st Cir., 1971); United States v. Apex Distributing Co., 270 F.2d 747 (9th Cir. 1959).

The alternative contention of the government is that the Supreme Court has jurisdiction under the "motion in bar" provision of the Criminal Appeals Act.[2] United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed.2d 26 (1971), however, appears authority to the contrary. In *Weller,* the defendant before trial moved to dismiss his indictment on the ground "that the denial of counsel at the time of his personal appearance before the board deprived him of due process of law under the Fifth Amendment." (401 U.S. at 256, 91 S.Ct. at 604.) The Supreme Court concluded that the dismissal was not a "motion in bar" since defendant did not confess to the crime and claim immunity, but rather argued that he had not committed a crime. The decision recognizes that if the board's action was, in fact, improper, the defendant did not violate 50 U.S.C.App. § 462(a) by refusing to submit to induction.

The rationale of *Weller* is similarly applicable to this case. If the board acted improperly in failing to consider defendant's conscientious objector claim, the

---

1. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), was decided after the decision by Judge Reynolds in this case.

2. An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:

"From the decision or judgment sustaining a motion in bar, when the defendant has not been put in jeopardy." If we were to agree with this contention, the Criminal Appeals Act requires us to "certify" the case to the Supreme Court.

defendant did not commit a crime in failing to submit to induction. Hence, we conclude that neither this court nor the Supreme Court has jurisdiction.

Therefore, it is ordered that this appeal be and hereby is dismissed for want of jurisdiction.

Appeal dismissed.