UNITED STATES of America,
Appellant,

v.

John Francis Arthur SANDOVAL,
Appellee.

No. 71–1068.

United States Court of Appeals,
Tenth Circuit.

Oct. 26, 1971.

Rehearing Denied Dec. 10, 1971.

Victor R. Ortega, U. S. Atty., for appellant.

Paul A. Phillips, Albuquerque, N. M., for appellee.

Before SETH, HOLLOWAY and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

The appellee, John Sandoval, was indicted for failure to submit to induction into the armed forces. He moved for dismissal of the indictment on the ground that he had been denied procedural due process in that his claim of conscientious objection had been ignored by his draft board. The trial court granted the motion, and the Government has taken this appeal.

The appellee initially asserted that this court does not have jurisdic-

tion of this appeal because the appeal should instead have been taken to the Supreme Court under 18 U.S.C. § 3731. Since the appeal commenced, the Supreme Court decided United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L. Ed.2d 26. This decision limits the "motion in bar" and United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608, was distinguished. United States v. Weller is applicable here, and we construe it to prevent the appeal of this dismissal to the Supreme Court. This question as to cases arising after January 2, 1971, is answered by the provisions of the Omnibus Crime Control Act of 1970, § 14(a), 84 Stat. 1890.

As to the due process issue the record shows that appellee had several changes in his classification under the Selective Service Act. He was granted a student deferment in 1966 and classified II–S, he was reclassified I–A in January 1967, and ordered to report. Induction was postponed, an appeal was taken to the State Board, and he was granted an occupational deferment II–A for the reason that he was a Vista Volunteer. Appellee in 1968 returned to college and asked for a student deferment, but the local board classified him as I–A; he had a personal appearance before the board but was again classified I–A because of inadequate college work or unsatisfactory work. When he was so reclassified as I–A he returned his notice of reclassification with the following letter to his local board:

"Jan. 29, 1970
Washington, D. C.

"Dear Sirs:

"Enclosed find my 'draft card'—the latest one given me by your office. I feel very strongly that the moral committments & beliefs I possess make it impossible for me to 'go along' or accept your legality.

"I return this card with a full knowledge of what the consequences of my act are or will be. I will not shirk those consequences by running away to Canada or trying to fail any pre-induction physicals.

"I feel that I must confront what I believe is the basic immorality of your system if I would be truthful with myself and those people I love.

"I am presently Regional Coordinator for the Western U. S. of Environmental Action here in Washington. We are organizing a national day of awareness about the problems we all face because of pollution, etc.

"My mailing address until April 22, 1970 is:

Arturo Sandoval
Rm. 200
2000 P St., N.W.
Washington, D.C.
20036

"Sincerely yours,

s/ Arturo Sandoval"

The local board received the letter and made no answer to it.

The appellee had been reached for induction, but on February 27, 1969, he was reclassified I–S(c) to extend to the end of a school period. On February 26, 1970, he was reclassified I–A, and on June 29, 1970, appellee was ordered to report for induction on July 27, 1970. On the required date he so reported, was found qualified for induction, but refused to be inducted.

During the course of the preinduction proceedings, the appellee answered a question asking whether there were incidents in his life which might reflect on his "loyalty" or "suitability" to perform his duties as follows: "My personal and moral beliefs make it impossible for me to accept the legality of the S.S.S. and the U.S. Military." As indicated appellee was indicted for refusing to be inducted and in his motion of November 2, 1970, to dismiss the indictment he asserted that he was a conscientious objector.

In this appeal the Government asserts that appellee made no assertion of a claim to be a conscientious objector until he filed his motion to dismiss the indict-

ment. The Government argues that appellee's letter of January 29, 1970, to his local board was not a claim of conscientious objection, but was a complaint or protest against the legality of the Selective Service System.

The appellee argues that his letter of January 29, 1970, was an assertion of a claim to conscientious objector classification, and the local board should have sent him a Form 150 or otherwise recognized his claim and not having done so he was denied due process. Thus he asserts the trial court was correct in granting his motion to dismiss the indictment.

There is little before us beyond appellee's letter to his draft board, and we are in much the same position as was the trial court. An examination of cases where the court has considered somewhat similar letters is helpful, but the circumstances and the position expressed by the registrant in each instance is different. This court has considered claims of conscientious objection made after notice to report has been mailed. The recent ones are United States v. Maine, 417 F.2d 951 (10th Cir.), and Keene v. United States, 266 F.2d 378 (10th Cir.). In these cited cases, however, the nature of the claim made was not a substantial issue. The timing was the factor. See Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625. However, the First Circuit in a case much relied on by the Government, United States v. Stoppelman, 406 F.2d 127 (1st Cir.), did have a comparable letter before it. The registrant there had taken a letter to his draft board after receiving notice to report for induction but before the reporting date. The letter states that he could not cooperate with the Selective Service System and could accept no classification because to do so would imply the "right" of the Selective Service System to "function." The court there said that the registrant's letter was a rejection of the System, and that it was corroborated by the registrant's act of turning in his Notice of Classification when he delivered the

letter to the board. The Stoppelman case is in many respects similar to the one before us. Here we also have a complete rejection of the Selective Service System, in this instance because it is "illegal." Appellee's letter must be regarded as an objection to the "System" and no more than that is expressed.

It is also significant to note the several changes in appellee's status over the period of some three years. Also the letter in issue was written on January 29, 1970, and appellee was ordered to report for induction on June 29, 1970. During this period of about five months, according to this record, appellee had no further communications with the board relative to the letter or the return of his classification notice. He had appeared before the board before but now made no effort to do so again or to furnish information relative to the position expressed in his letter of January 29th. He had his attorney examine his Selective Service file some seven days before the date he was ordered to report, but there was no further assertions of position by the registrant nor by his attorney. At no time before the date set for induction was Form 150 requested.

It is apparent that the burden is on the registrant to demonstrate that he is entitled to the classification he claims. Fleming v. United States, 344 F.2d 912 (10th Cir.); Salamy v. United States, 379 F.2d 838 (10th Cir.), and Olguin v. United States, 392 F.2d 329 (10th Cir.).

Under these circumstances we must hold that appellee's letter of January 29th was not a statement of conscientious objection, it was instead an expression of opposition to the legality of the Selective Service System. The appellee on this record has by no means met the burden placed on him to show he was entitled to a classification other than I–A. Consequently there was nothing required of the draft board which was not done.

Reversed, and it is ordered that the indictment be reinstated.

HOLLOWAY, Circuit Judge (concurring in part and dissenting in part):

I agree with the holding of the majority opinion that this Court has jurisdiction of the appeal, but respectfully dissent from the view expressed on the merits of the appeal.

As the majority opinion states, appellant returned his notice of reclassification to the Board along with his letter quoted in the opinion. In view of the circumstances as a whole, including his statements of strong moral commitments and beliefs, return of the notice of reclassification, and furnishing of his address, I feel the District Court was correct in finding that he had in substance claimed a conscientious objector status sufficiently so that the Board was obligated to process his papers as such a claim. His wording was not the positive statement that he would not cooperate with the system and would accept no classification implying consent to its right to function, as was made in United States v. Stoppelman, 406 F.2d supra at 129. While some of the wording by appellant was strong and may be read as the opinion says, the letter also carried the conscientious objector meaning which the Board should have so treated. In short I feel that the District Court reasonably found that his statement and actions notified the Board of a conscientious objector claim sufficiently so that it should have been so processed.

Where the registrant has signed the required forms or "any other written statement claiming that he is a conscientious objector * * *" his acts constitute a claim of conscientious objector.[1]

It has been held that although the registrant has the burden of showing he is entitled to the exemption, when in effect his desire to claim a conscientious objector classification is shown to the Board, it must afford a hearing on his claim and advise him of his rights and furnish a proper form, and that failure to do so denies due process. United States v. Sobczak, 264 F.Supp. 752 (N.D. Ga.); and see Murray v. Blatchford, 307 F.Supp. 1038, 1043, note 3 (D.R.I.).

In view of the circumstances before us, I would accept the finding of the District Court that such a claim was sufficiently made to put the Board on notice here, and would affirm.

---

[1]. Local Board Memorandum No. 41 provides in pertinent part as follows:

"2. What Constitutes a Claim of Conscientious Objection.—

A registrant should be considered to have claimed conscientious objection to war if he has signed Series VIII of the Classification Questionnaire (SSS Form 100), if he has filed a Special Form for Conscientious Objector (SSS Form 150), or if he has filed any other written statement claiming that he is a conscientious objector."