**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Dennis Michael GUSTAVSON, Defendant-Appellee.**

**No. 18315.**

United States Court of Appeals, Seventh Circuit.

Approved Dec. 14, 1971.

Issued Dec. 28, 1971.

Kiley and Fairchild, Circuit Judges, concurred and filed opinion.

Cummings and Sprecher, Circuit Judges, dissented and filed opinion.

Pell, Circuit Judge, dissented and filed opinion.

James R. Thompson, U. S. Atty., Richard F. Sprague, Asst. U. S. Atty., Thomas A. Foran, U. S. Atty., Chicago, Ill.; John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

George P. Sullivan, William H. Theis, Chicago, Ill., for appellee.

Before SWYGERT, Chief Judge, and KILEY, FAIRCHILD, CUMMINGS, KERNER, PELL and SPRECHER, Circuit Judges.

KERNER, Circuit Judge.

The defendant, Dennis Michael Gustavson, was indicted for refusing to submit to induction into the Armed Forces. 50 U.S.C.App. § 462. Prior to trial, the district court granted defense counsel's motion to dismiss the indictment. The government appeals. We dismiss for lack of appellate jurisdiction.[1]

The defendant had been classified 2–S until April, 1968. In the following month, he requested a I–O classification

---

1. This case was argued before seven of the eight active members of this court on the same date that this court reheard *en banc* United States v. Ponto (No. 18396, 1971), 454 F.2d 647 (7th Cir. 1971), and United States v. Grochowski (No. 18874, 1971), 454 F.2d 655 (7th Cir. 1971). One active judge, Judge Stevens, who participated in the *en banc* rehearing in *Ponto* and Grochowski, disqualified himself in this case; Senior Judge Hastings who participated on the *Ponto* and *Grochowski* panels, did not participate in *Gustavson*.

from his local board and subsequently filed SSS Form 150 with it. After a personal appearance in October, the board decided not to reclassify Gustavson I–O because it believed that he was not " . . . a true conscientious objector through religious training and background." His subsequent appeal to the State Board was denied.

On February 14, 1969, Gustavson received an order to report for induction. On March 10, 1969, he reported to the induction station, but refused to submit. He was subsequently indicted.

Prior to trial, defense counsel submitted a motion to dismiss the indictment. That motion was predicated in part on the ground that it was prejudicial for the board to have considered certain information in Gustavson's file without informing him of its consideration at the personal appearance. At Gustavson's physical examination, he wrote in a form entitled "Statement of Law Violations" (U.S.AREC Form 191–R), that he was arrested for assault in 1961. The local board, at the subsequent personal appearance, apparently relied on this information in concluding that Gustavson was not a "true conscientious objector."

Two hearings were held for argument on defendant's motion to dismiss the indictment.[2] Counsel's arguments concerned the prejudicial nature of the board's reliance on the 1961 assault charge at the personal appearance. Defense counsel stated the issue: " . . . was the proceeding fair, did Mr. Gustavson have a chance to know what the board was doing. . . ." The district judge granted the defendant's motion and dismissed the case because he believed that Gustavson should have been informed of the board's consideration of the assault charge and thus did not receive a fair hearing before the board.

■ The government contends that this court has jurisdiction to entertain this appeal under ¶ 6 of the Criminal Appeals Act, 18 U.S.C. § 3731.[3] In United States v. Ponto and Grochowski (Nos. 18396, 18874), 454 F.2d 657 (7th Cir.1971), this court, sitting en banc, held that appeal by the government under ¶6 is permitted only from a dismissal based on a defect in the indictment or in the institution of the prosecution. In the case at bar, the dismissal was not based on these deficiencies, but rather on the fairness of the procedures employed by the local board. Thus, the government may not appeal to this court under § 3731.

■ We also find that the double jeopardy clause of the Fifth Amendment prohibits the government from appealing. The judge's dismissal order was, in fact, a ruling on the merits of a defense which could have been raised at trial.[4] This constitutes an acquittal from which no government appeal is permitted. rehearing en banc (Nos. 18396, 18874), United States v. Ponto and Grochowski, 454 F.2d 657 (7th Cir. 1971).

Appeal dismissed.

KILEY and FAIRCHILD, Circuit Judges (concurring).

---

2. Defendant was not present at the first hearing. He was present at the second hearing when the case was dismissed.

3. An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:

From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section.

4. The judge stated the issue before him:

A classification by an appeal board after a local board has had before it information which it failed to bring to the attention of the registrant at the time of his hearing calling for his classification as a conscientious objector, which would defeat such classification and properly would defeat such classification, but failed to bring it to his attention, everything from there on in the file becomes a nullity and is of naught,

. . . .

The judge also believed that a decision on this defense was capable of determination without the necessity of trial. See R. 12 (b) (1) and discussion of the Rule in United States v. Ponto, and Grochowski, rehearing enbanc Nos. 18396, 18874, 457 F.2d 657 (7th Cir. 1971).

We concur, with the comment noted in our concurrence in United States of America v. Ponto, and United States of America v. Grochowski, (Nos. 18396, 18874) 454 F.2d 657 (7th Cir. 1971).

CUMMINGS and SPRECHER, Circuit Judges (dissenting).

For the reasons expressed in Judge Stevens' scholarly dissent in United States v. Ponto, No. 18396, and United States v. Grochowski, No. 18874, we conclude that the district judge's order dismissing the indictment was reviewable here under 18 U.S.C. § 3731. As in *Ponto* and *Grochowski*, Gustavson's trial never began. There had been no waiver of a jury, and no jurors had been impanelled. Defendant's motion to dismiss the indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure was understood by all parties to be a pretrial motion and was treated as such. Plainly jeopardy never attached. In view of the majority's jurisdictional holding, we do not reach the merits.

PELL, Circuit Judge (dissenting).

I dissent for the same reasons expressed in my dissenting opinion in United States v. Ponto and Grochowski (Nos. 18396, 18874), 454 F.2d 657 (7th Cir.1971), and concur with Judge Cummings' dissent on the issue of jeopardy.

Holloway, Circuit Judge, concurred and dissented and filed opinion.