**UNITED STATES of America**

v.

**Lloyd Joseph HENRY.**

**Crim. A. No. 71-263.**

United States District Court,
E. D. Louisiana.

June 9, 1972.

Gerald J. Gallinghouse, U. S. Atty., Harry R. Hull, Jr., Asst. U. S. Atty., New Orleans, La., for United States of America.

Donald R. Mintz, New Orleans, La., for Lloyd Joseph Henry.

HEEBE, District Judge.

This cause came on for hearing on the motion of the defendant, Lloyd Joseph Henry, to dismiss the indictment for failing to report for alternative service as a conscientious objector as authorized by the Military Selective Service Act of 1967. Both parties agree that the defendant is a Jehovah's Witness and that he is entitled to conscientious objector status. The defendant is also claiming that he is entitled to a ministerial deferment and should not be required to do alternative service. He has moved to dismiss the indictment for three reasons:

1. The Regulation 1624.1(b), 32 C. F.R. § 1624.1(b), which forbids the registrant representation by an attorney when he appears before the local board is invalid because

a. The regulation is not authorized by the Military Selective Service Act of 1967, and

b. The regulation abridges the defendant's Fifth and Sixth Amendment rights.

2. Compelling the defendant to do civilian alternate service abridges his First Amendment rights under the free exercise clause.

3. Defendant was denied due process when his local draft board refused to reopen consideration of his classification despite the presentation of information which changed his status when such changes resulted from circumstances over which he had no control.

An evidentiary hearing was held and memoranda were submitted by both parties.

The Court, having heard the arguments of counsel and having studied the legal memoranda, is now fully advised in the premises and ready to rule. Accordingly,

It is the order of the Court that the motion of the defendant, Lloyd Joseph Henry, to dismiss the indictment, be, and the same is hereby, granted.

It is the further order of the Court that the defendant's local draft board, Local Board 66 in Houma, Louisiana, *reopen* its consideration of defendant's classification and decide if the new evidence presented by the defendant entitles him to a ministerial exemption.

## REASONS

1. We have refrained from deciding the right to counsel issue because the defendant never requested that he be represented by an attorney in any proceeding before the draft board. Consequently, he lacks standing to raise the issue.[1]

2. For the reasons set forth in Judge Alvin Rubin's opinion in United States v. Hamilton, 322 F.Supp. 1214 (E.D.La.1970), we do not find that compelling the defendant to do alternate service violates his First Amendment rights under the free exercise of religion clause.

3. Our decision to grant defendant's motion is based solely on his third argument that the draft board denied him administrative due process when it refused to reopen his classification after it had been notified of a change in defendant's status due to circumstances beyond his control.

1. The Ninth Circuit is presently considering this question. A California District Court granted a motion to dismiss an indictment because the registrant was not represented by counsel. United States v. Weller, 309 F.Supp. 50 (N.D.Cal. 1969). On appeal to the Supreme Court pursuant to the Criminal Appeals Act, the high court remanded the case to the Ninth Circuit. United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed.2d 26 (1971).

More specifically, the defendant contends that his local draft board failed to comply with Regulation 1625.2, 32 C.F.R. § 1625.2, which states:

"The local board may reopen and consider the classification of a registrant (a) upon written request of the registrant . . . in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which if true, would justify a change in the registrant's classification . . . provided . . . the classification of a registrant shall not be reopened after the local board has mailed to such registrant an . . . Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control."

Henry's order to report for induction was mailed on June 18, 1970, and within thirty days he presented his local board with information that his position within his congregation had changed. On July 6, 1970, the defendant brought to the executive secretary of Local Board 66 a letter which stated that he ·had been appointed Literature Servant and Book Study Servant in his congregation. The letter was sent from the Watchtower Bible and Tract Society in New York and was addressed to the Houma, Louisiana Congregation of Jehovah's Witnesses, Central Unit. Mr. Henry did not actively seek these appointments which were made as a result of his past and potential contributions to his church.

■  At the evidentiary hearing he testified that he considered the presentation of the letter to the executive secretary of Local Board 66 and her copying it as amounting to a request for reclassification. He was not informed

otherwise by the executive secretary nor did he ever receive any response from anyone connected with the local board. Since Mr. Henry's new positions carried additional responsibilities and caused him to devote considerably more time to religious activities than he had at the time he received his classification as a conscientious objector, we believe that he has set out new facts over which he had no control and consideration of which could justify a change in the registrant's classification. Consequently, the board should reopen consideration of Mr. Henry's classification in order to afford him an opportunity for full administrative review. *See,* Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970) *and* Robertson v. United States, 404 F.2d 1141 (5th Cir. 1968), rev'd *en banc* on other grounds, 417 F.2d 440 (1969).

The instant case is strikingly similar to United States v. Bittinger, 422 F.2d 1032 (4th Cir. 1969), where the defendant's conviction for failing to report for alternative civilian service was reversed and the local board was ordered to reopen his classification.[2]

Our decision today does not determine whether or not Mr. Henry is entitled to a ministerial exemption. As the Fourth Circuit noted with reference to Bittinger:

"We do not decide that Bittinger is entitled to a ministerial exemption, for this responsibility is placed upon the board. But the board must ascertain the facts before it acts. The plain language of the exemption and the Congressional purpose for its enactment will best be served by affording Bittinger an opportunity to present his claim to his local board. If it has merit, he should be granted the exemption. If not, the board may reassign him to civilian work." United States v. Bittinger, *supra,* p. 1035.[3]

2.  Bittinger was recently cited with approval in United States v. Ayres, 437 F.2d 832 (7th Cir. 1971).

3.  *See also,* Mulloy v. United States, 398 U.S. 410, 417, 90 S.Ct. 1766, 26 L.Ed. 2d 362 (1970).

**4**

Mr. Henry, like Mr. Bittinger, deserves an administrative determination as to whether or not his status has changed due to circumstances beyond his control. By granting the motion to dismiss and ordering Local Board 66 to reconsider his classification, we are allowing such a determination to be made.