UNITED STATES of America

v.

Jesse James **MARTINEZ**, Defendant.

Crim. A. No. 71–238.

United States District Court,
W. D. Pennsylvania.

Nov. 14, 1972.

David Curry, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Richard J. Catalano, Pittsburgh, Pa., for defendant.

OPINION and ORDER

McCUNE, District Judge.

This is a criminal prosecution for defendant's alleged failure to report for induction in violation of 50 U.S.C.A. App. § 462(a). Defendant has moved to dismiss the indictment under Rule

12(b)(1).[1] In connection with this motion defendant contends that we may properly under Rule 12(b)(1) consider defendant's Selective Service file and certain Pennsylvania State court records. The government argues that on a motion to dismiss the court may not look beyond the face of the indictment, citing Las Vegas Merchant Plumbers Ass'n v. United States, 210 F.2d 732 (9th Cir. 1954) cert. denied., 348 U.S. 817, 75 S.Ct. 29, 99 L.Ed. 645 (1954), rehearing denied, 348 U.S. 889, 75 S.Ct. 202, 99 L.Ed. 698 (1954).

Cases come down on both sides of this question, but few have confronted the issue directly. This question has been present before the Supreme Court but was not resolved, United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed.2d 26 (1971). The district court decisions in United States v. Seeley, 301 F.Supp. 811 (D.R.I.1969) and United States v. Shelly, 330 F.Supp. 1214 (E.D. Pa.1971), carefully consider the scope of Rule 12(b)(1) and reach the opposite conclusion. The *Seeley* decision was based on a pragmatic concern for the expenditure of judicial time. *Shelly* on the other hand was decided on the basis of previous decisions in that district.

 The U. S. Attorney argues that allowing the defendant to present defenses by motion will permit piecemeal presentation by the defense. Then in the event of a loss, the defense could be relitigated at trial. There is also expressed a concern that such determinations before trial will constitute jeopardy. We fail to perceive the significance of the latter concern. If a matter of defense, requiring determination by the court rather than the jury, is decided in defendant's favor whether that decision is made during or before trial, we do not doubt that jeopardy attaches, United States v. Ponto, 454 F.2d 657 (7th Cir. 1971); United States v. Findley, 439 F.2d 970 at 973-974 (1st

Cir. 1971). In either event the government would not have a right of appeal under 18 U.S.C.A. § 3731. If a defense exists which does not require a jury determination we believe it proper to present such a defense by way of a motion under Rule 12(b)(1). We believe this view is supported by the language of the Rule, and most authorities; United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969); United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed.2d 26 (1971); United States v. Ponto, 454 F.2d 657 (7th Cir. 1971); United States v. Findley, 439 F.2d 970 (1st Cir. 1971); 8 J. Moore Fed. Practice, ¶ 12.04 at 12–15 (2d ed. 1970). The contrary view expressed in United States v. Ramos, 413 F.2d 743–744, n. 1 (1st Cir. 1969), is by way of dicta. In *Seeley* alone do we find an unequivocal rejection of defendant's position. In the face of the above cited authorities we decline to follow the *Seeley* decision.

Defendant's Selective Service file reveals the following events:

On April 25, 1968, defendant was classified 1-A. On May 20, 1970, defendant was selected for induction, and an Order to Report for Induction on June 17, 1970, was issued. On June 10, 1970, the local board received notice from a District Justice of the Peace of Allegheny County of Criminal proceedings brought against the defendant. On June 15, 1970, the State Director's office ordered that defendant's induction be postponed until disposition of the criminal charges. On November 19, 1970, the local board made inquiry of the District Justice of the Peace about the charges. On being advised that the charges had been referred to Common Pleas Court, the local board contacted the Allegheny County Prothonotary's Office about the case on December 10, 1970. No reply was received so a second inquiry was sent on February 24, 1971. In response, the

---

1. (1) Defenses and Objections Which May be Raised.

"Any defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion." Fed.R.Crim.P. 12(b)(1).

Clerk of Courts advised the local board that there was no record in criminal court. On March 24, 1971, a letter was sent to the defendant directing him to report for induction on April 14, 1971.

The Allegheny County Court records reveal the following events:

Charges of so-called fornication and bastardy were filed against the defendant on May 15, 1970. The defendant was arrested May 22, 1970, and released on $1,000.00 bond. An indictment was returned against defendant by the county grand jury on September 11, 1970. The case was transferred to the family division on January 21, 1971. Finally, on October 28, 1971, the indictment was finally disposed of by order of Judge Brosky.

Defendant seeks to present several matters of defense which he contends do not require trial of the general issue. First, defendant submits that the postponement of his order to report for induction for an indefinite period operated to invalidate the order to report. Second, defendant contends the failure of the local board to re-classify defendant on receiving information that defendant had been arrested constituted a denial of due process. Thirdly, defendant contends the direction to report issued in March of 1971 was invalid in that defendant was still under indictment at that time.

■ Defendant has referred to the local board's failure to re-classify defendant 1-Y after the Justice of the Peace had given notice of the pending criminal charges. Not only did the board fail to re-classify defendant, it was not given the chance to do so because the Executive-Secretary did not bring the letter of the Justice of the Peace to the board's attention. Instead he immediately forwarded the letter and defendant's Selective Service file to the State Director of Selective Service.

This action of the Executive-Director amounted in defendant's view to a denial of due process. We conclude from an examination of the defendant's Selective Service file that the Executive Director acted in complete conformity with the governing regulations when he forwarded the matter to the State Director.

■■ The regulations applicable at the time read:

"The local board may reopen and consider anew the classification of a registrant. . . . (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification: provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252). . . . unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." 32 C.F.R. § 1625.2.[2] The regulation does not command reclassification by local boards, it merely allows it. Furthermore, once an Order to Report has issued, the local board is restricted in power to situations involving changes of status beyond the control of the registrant. We do not believe that criminal proceedings being instituted against a registrant is a change in status over which the registrant has no control within the meaning of 32 C.F.R. § 1625.2. Since the local board did not receive notice of defendant's arrest until after the Order to Report had issued, the local board could no longer have reopened defendant's classification. The Executive-Secretary's action therefore did not result in a denial of due process.

2. All C.F.R. citations in this opinion refer to the 1971 edition of 32 C.F.R. § 1600 et seq. Significant changes were effected by the regulations issued effective January 1, 1972.

█ Under the regulations the local board could not even postpone defendant's induction:

"(a) In case of death of a member of the registrant's immediate family, extreme emergency beyond the registrant's control, the local board may, after the Order to Report for Induction (SSS Form No. 252) has been issued, postpone the time when such registrant shall so report for a period not to exceed 60 days. . . ." 32 C.F.R. § 1632.5(a).

We conclude that this regulation did not empower the local board to postpone the defendant's induction because of his arrest. But the same regulation goes on to state:

". . . . the director of Selective Service or any State Director of Selective Service (as to registrant's registered within his State), may for good cause, at any time after the issuance of an Order to Report for Induction postpone the induction of a registrant until such time as he may deem advisable, and no registrant whose induction has been thus postponed shall be inducted into the armed forces during the period of any such postponement." 32 C.F.R. § 1632.5(a).

We conclude that under this regulation it was the State Director alone who had the power to postpone defendant's Order to Report. The Executive Secretary of the local Board therefore acted properly in forwarding the matter to the State Director. The action of the State Director in response to the notice of criminal proceedings raises certain problems. The postponement order stated that:

". . . . the induction of the registrant is postponed until disposition of the charges against him in the criminal court of Allegheny County."

The regulations regarding postponements have been construed as requiring that postponements fix a definite new re-

porting date, Liese v. Local Board No. 102, 440 F.2d 645 (8th Cir. 1971); United States v. Johnson, 314 F.Supp. 88 (D. N.H.1970).[3] The phrase, "until disposition of the charges" is an expression pregnant with ambiguity which certainly does not fix a new reporting date. Our examination of the Allegheny County criminal court record discloses that this case was finally disposed of by the October 28, 1971 order of Judge Brosky. Until that time defendant was under bond not to leave Allegheny County and to appear whenever needed in conjunction with the case.

Before going further we note that a registrant not currently qualified is to be classified as other than 1-A, 32 C.F.R. § 1622.17. Because of the pending criminal charges defendant was not currently qualified. This raises a question as to whether or not the State Director was obligated under 32 C.F.R. § 1625.3(a) to direct the local board to reopen and consider anew the defendant's 1-A classification. If he was, then the Order to Report for Induction should have been cancelled.

"(a) The local board shall reopen and consider anew the classification of a registrant upon the written request of the State Director of Selective Service. . . . and upon receipt of such request shall immediately cancel any Order to Report for Induction. . . . which may have been issued to the registrant." 32 C.F.R. § 1625.3 (a).

█ In any event, the postponement issued by the State Director prevented the local board from issuing any valid order to report, see 32 C.F.R. § 1632.5 (a) *supra,* before the end of the postponement, in this case October 28, 1971. The local board acting on apparently erroneous advice from the County Clerk of Courts office, issued the order of March 24, 1971, which the defendant allegedly

3. The contrary conclusion such as was reached in United States v. Foster, 439 F.2d 29 (9th Cir. 1971) was based on the fact that the postponement was at the registrant's request for his convenience and furthermore that no prejudice accrued to the registrant.

976

failed to perform. The County Clerk had advised the local board that it had no record of a criminal proceeding involving defendant. The March 24, 1971 order would appear to be based on a mistake of fact.

We conclude that the cumulative effect of all of these factors so seriously taints the validity of the March 24, 1971 order that that order can no longer support criminal proceedings.

The defendant's motion under the Federal Rules of Criminal Procedure, Rule 12(b)(1), for dismissal of the indictment is granted. It is so ordered.