**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Gerald Edward McCREERY,
Defendant-Appellee.**

**No. 72–1457.**

United States Court of Appeals,
Seventh Circuit,

Argued Jan. 24, 1973.

Decided Feb. 2, 1973.

------

John O. Olson, U. S. Atty., Eric J. Wahl, Asst. U. S. Atty., Madison, Wis., for plaintiff-appellant.

David Heitzman, Madison, Wis., for defendant-appellee.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge, and STEVENS, Circuit Judge.

STEVENS, Circuit Judge.

Defendant was indicted on March 24, 1971, for failing to report for induction on August 7, 1968. Pursuant to defendant's discovery motion, on February 11, 1972, the district court ordered the government to produce Selective Service System form 261 for June 13, 1968, and SSS forms 200 and 201 for three months prior to the issuance of defendant's order to report for induction. The purpose of the discovery order was to give defendant the opportunity to ascertain whether he had a valid defense based on the possibility that the Board's quota had been filled, or that he had been called out of order. The records which the government was ordered to produce had, however, been destroyed pursuant to existing Selective Service Regulations. When this fact was brought to the attention of the district court, on April 20, 1972, he dismissed the indictment. The government has appealed from that order.

We are confronted at the outset by defendant's suggestion that our en banc decision in United States v. Ponto, 454 F.2d 657 (1971), requires dismissal of the appeal. As in *Ponto* and its companion cases,[1] this indictment was sufficient on its face; the order of dismissal was predicated on facts brought to the court's attention after the indictment was returned and before a jury had been impaneled. See United States v. Brewster, 408 U.S. 501, 506, 92 S.Ct. 2531, 33 L.Ed.2d 507.

The government does not contend that this case is factually distinguishable from *Ponto*. It correctly points out that *Ponto* arose prior to the amendment of the Criminal Appeals Act which became effective on January 2, 1971, whereas the amended statute is applicable to this appeal. See 84 Stat. 1880, 1890. But our decision in *Ponto* rested on two independent grounds, one statutory and one constitutional. Assuming *arguendo* that the statutory analysis is not ap-

------

[1]. United States v. Grochowski, 454 F.2d 657; United States v. Gustavson, 454 F.2d 677.

plicable to the amended act, it is nevertheless perfectly clear that the constitutional analysis in *Ponto* compels the conclusion that the order of April 20, 1972, was an acquittal from which the government may not appeal. See 454 F.2d at 663–664; see also United States v. Gustavson, 7 Cir., 454 F.2d 677, 678. The government's arguments to the contrary merely restate the reasoning of the dissenting opinion in *Ponto* which was squarely rejected by the en banc majority. See 454 F.2d at 667.

The appeal is

Dismissed.