UNITED STATES of America, Appellee,

v.

Harrison A. WILLIAMS, Jr., Appellant.

Nos. 943–944, Docket Nos. 80–1474, 81–1022.

United States Court of Appeals, Second Circuit.

Argued Feb. 17, 1981.

Decided March 27, 1981.

Opinion Filed March 31, 1981.

Edward R. Korman, U. S. Atty. for the Eastern District of New York, Brooklyn, N. Y., for appellee.

George J. Koelzer, New York City (Thomas D. Monte, Jr., Evans, Koelzer, Marriott, Osborne & Kreizman, New York City, on the brief), for appellant.

Before VAN GRAAFEILAND and KEARSE, Circuit Judges and STEWART, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

United States Senator Harrison A. Williams, Jr. of New Jersey was indicted by a grand jury sitting in the United States District Court for the Eastern District of New York. The nine count indictment, which resulted from the Justice Department's ABSCAM operation, alleges essentially that the defendant corruptly used his position to enrich himself and his accomplices. These allegations stem from an elaborate undercover operation in which an FBI agent, disguised as a wealthy sheik, offered to loan money to finance a titanium mining venture in which Senator Williams and his codefendants were involved. In the last of the meetings between Williams and the agent, the agent sought help from the Senator for a private immigration bill.

* Of the Southern District of New York, sitting by designation.

Two members of the Senator's staff testified before the grand jury pursuant to subpoena and produced office files which concerned, among other things, private immigration bills. The Senator moved to dismiss the indictment on the ground that this evidence violated the Speech or Debate Clause, U.S.Const. art. I, § 6, cl. 1. Alternatively, he sought discovery of all the grand jury minutes. The motion was denied, except that the district court did order the release of the two staff members' testimony. There was no error here.

■ Although District Judge Pratt found merit in the Senator's contention that his staff members' testimony relative to legislative matters should not have been heard by the grand jury, Judge Pratt also found that this testimony constituted an insignificant portion of the evidence presented to the jury and was not a factor in the issuance of the indictment. As in *United States v. Myers*, 635 F.2d 932 (2d Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980), the introduction of the tainted testimony raised no "substantial question of whether the grand jury had sufficient competent evidence to establish probable cause." *Id.* at 941 n.10.

■ Appellant also argued that the Speech or Debate Clause was violated when the grand jury was permitted to view a video tape of himself in the process of performing an asserted legislative function, the discussion of a proposed immigration bill with the undercover agent. The district court correctly ruled, however, that Speech or Debate Clause protection does not extend to discussions of this sort, which involve only the possible future performance of legislative functions. *See id.* at 937.

■ Appellant's contention that he is entitled to disclosure of the complete grand jury minutes is without merit. These minutes include the testimony of more than sixty witnesses and a dozen audio or video tape recordings of meetings between the Senator and undercover agents. The insignificant amount of tainted testimony that the jury heard did not create the "particu-

larized need" for complete disclosure that is required by Supreme Court holdings. *See Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959). Appellant's status as a Senator did not, of itself, mandate disclosure. Appellant had no general immunity from the rules that govern the conduct of a criminal bribery proceeding. *See United States v. Myers, supra,* 635 F.2d at 939.

■ Appellant argues finally, that the indictment should have been dismissed because, he says, the Justice Department conducted its investigation in such a manner as to violate the Due Process Clause of the Fifth Amendment. Appellant asserts that the district court erred in deferring consideration of his due process motion until after the trial. Citing *United States v. Myers, supra,* 635 F.2d at 936, he contends that, as a Senator, he was entitled to prompt disposition of all motions seeking dismissal before trial.

Relying on *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the Government argues that Judge Pratt's order of deferment is not appealable. Because we conclude that, even if appealable, the order was not erroneous, we will not address the Government's contention. Rule 12(e) of the Federal Rules of Criminal Procedure provides that for good cause a district judge may defer consideration of a pretrial motion until after trial. This Court's decision in *United States v. Myers, supra,* should not be construed to automatically exempt members of Congress from the operation of this rule. Our "suggestion" in *Myers* that members of Congress should have a preferred right to pretrial review was directed primarily to those cases in which the defendant's congressional status is intrinsic to his claimed right of dismissal. The suggestion assumed moreover that the issues raised by the defendant's motion are readily resolvable in advance of trial. Here, Judge Pratt, relying on his own experience and that of other judges presiding at ABSCAM trials, determined that it would be impractical and unwise to attempt pretrial resolution of the

due process claims, because they are substantially founded upon and intertwined with the evidence to be presented at trial. His consequent decision to defer consideration of the due process claims until after trial was therefore entirely proper. Because full development of the facts would help the district judge in reaching a wise decision, postponement was not without benefit to appellant.

The orders appealed from are affirmed.