**UNITED STATES of America, Appellee,**

v.

**Willie R. FRANCIS, Appellant.**

No. 89–2747.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1990.

Decided Oct. 12, 1990.

John E. Turner, Kansas City, Mo., for appellant.

Matt J. Whitworth, Kansas City, Mo., for appellee.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

ARNOLD, Circuit Judge.

Willie R. Francis appeals his conviction and sentence for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and the distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). We affirm both the conviction and the sentence in all respects.

As part of an ongoing investigation of the Francis family, on February 8, 1989, Detective Ransburg of the Kansas City, Missouri Police Department went to purchase drugs at a residence in Kansas City. At the residence, Detective Ransburg purchased five packages of crack cocaine. Detective Ransburg testified that the person in control of the drugs at the residence was the appellant, Willie Francis. He also saw the appellant's sister, Tammy Francis, at the residence.

During February and March, detectives from the Kansas City Police Department made four separate cocaine purchases from members of the appellant's family. Except for Detective Ransburg, no other detective investigating the Francis family claims to have seen the appellant participating in drug sales. On March 7, 1989, the Kansas City Police Department searched the home of the appellant's parents. The police seized cocaine, marijuana, drug paraphernalia, food stamps, weapons, and cash from the residence. After the search of the house, Willie Francis was charged with conspiracy to distribute cocaine and distribution of cocaine.

The appellant raises six points of error on appeal. First, he claims that the District Court[1] erred in allowing Detective Starbuck to testify about his observation of Detective Ransburg's identification of the appellant. Detective Starbuck testified that Detective Ransburg "immediately initialed" appellant's photograph in a photo array. Tr. 295. Detective Starbuck also testified that "[t]here was no hesitation or seemed to be no doubt in Detective Ransburg's mind of who he identified...." Tr. 307.

The appellant claims that this testimony was hearsay and improperly bolstered the testimony of Detective Ransburg, the only witness directly linking him to the conspiracy. We disagree. Detective Starbuck's testimony was not hearsay. Detective Starbuck merely testified concerning the speed of Detective Ransburg's identification and the reason he believed there was no need to conduct a live line-up for identi-

---

1. The Honorable Howard F. Sachs, Chief Judge, United States District Court for the Western District of Missouri.

fication of the appellant. In neither instance was Detective Starbuck's testimony hearsay.

■ The appellant's second claim is that the District Court erred in failing to declare a mistrial after the prosecutor claimed during cross-examination that Mr. Francis had not attended the high school he listed on a job application. The prosecutor based his disbelief on the fact that he, the prosecutor, had attended the same high school during the same period and did not remember Mr. Francis. While the attorney's comments were improper, we believe the District Court correctly refused to grant a mistrial. The District Court instructed the jury to disregard the attorney's comments. Moreover, after an examination of the high school's records, the parties entered into a joint stipulation that Mr. Francis had attended the high school the prosecutor claimed he had not attended. Thus, the prosecutor's comments bolstered Mr. Francis's credibility as a witness, rather than detracted from it. Therefore, we cannot agree with the appellant that the prosecutor's statements were grounds for a mistrial.

■ As his third point of error, the appellant claims that the District Court erred in admitting photographs of food stamps and guns seized at his parents' house into evidence. Appellant argues that the prejudicial impact of the photographs outweighed their probative value. We disagree. Not only does the District Court have great discretion in the admission of evidence, but this Circuit has acknowledged that weapons are tools of the drug-distribution trade. See, e.g., *United States v. Brett*, 872 F.2d 1365, 1370 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989). Moreover, as the government's witness testified, food stamps are also often a tool of the drug trade. Tr. 207.

The appellant's fourth claim is that the District Court erred in failing to direct a verdict because insufficient evidence supports appellant's conviction for conspiracy

to distribute cocaine. We disagree. Our review of the record as a whole indicates that the government produced sufficient evidence upon which a jury could reasonably conclude that the appellant was guilty.

■ As his fifth point of error, appellant claims that the District Court improperly instructed the jury by stating that the appellant did not have to "remain[ ] a member of the conspiracy after the first day[ ]" to be convicted of conspiracy. Jury Instruction F. Even if the appellant had withdrawn from the conspiracy after March 8, 1989, he could still be convicted of conspiracy. See, e.g., *United States v. LoRusso*, 695 F.2d 45, 55 n. 5 (2d Cir.1982), *cert. denied,* 460 U.S. 1070, 103 S.Ct. 1525, 75 L.Ed.2d 948 (1983); *United States v. Heathington*, 545 F.2d 972, 973 (5th Cir. 1977) (per curiam). This instruction is therefore a correct statement of the law and we reject appellant's claim. The gist of the offense of conspiracy is an unlawful agreement. For drug conspiracies under 21 U.S.C. § 846, no overt act is required. Once the agreement is made, the offense is complete. One who later withdraws may have a defense so far as concerns post-withdrawal activity by the other conspirators, but the unlawful agreement has already been made. The past cannot be undone.

■ Finally, the appellant claims that the District Court erred in calculating his sentence under the Sentencing Guidelines by including within the amount of controlled substances all the cocaine and crack involved in the entire conspiracy. Application Note 1 to section 2D1.4 of the Guidelines, in effect at the time the appellant was sentenced, held a conspirator accountable for all drugs involved in the entire conspiracy which were "known" or "reasonably foreseeable" to the conspirator.[2] Under the reasonably foreseeable standard, we believe the District Court did not clearly err in including all the drugs involved in the conspiracy in calculating the appellant's sentence.

---

**2.** Application Note 1 was amended effective No-    vember 1, 1989.

Accordingly, the judgment of the District Court is affirmed.