# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4255

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Patricia A. Grimmett, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 13, 1998
Filed: August 5, 1998

_____

Before BEAM, LOKEN, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Patricia A. Grimmett pled guilty to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846, conditioned on her right to appeal the denial of her pretrial motion to dismiss based on the statute of limitations. She argues on appeal that she withdrew from the conspiracy more than five years before the indictment and that the district court erred by denying her motion to dismiss the drug charge as time barred and by not holding an evidentiary hearing on the issue. She also seeks in the alternative to appeal the failure to apply the safety valve provisions, 18 U.S.C. § 3553(f) and USSG § 5C1.2, to reduce her sentence. We remand for further proceedings on the statute of limitations issue.

Grimmett pled guilty to participating in the conspiracy by keeping records for her boyfriend, Elmont Kerns, who supplied drugs for the conspiracy. She also admitted receiving drugs for Kerns once and helping him count drug proceeds on another occasion. Grimmett says her involvement in the conspiracy ended immediately after Kerns was killed on June 27, 1989 on orders of Dennis Moore, Sr., who was in charge of drug distribution for the conspiracy and who owed a debt to Kerns. After the murder, Grimmett went to the police and informed them about the drug activities and led them to locations where drug money and records were found. A few years later, she was interviewed by agents from the Drug Enforcement Administration about Kerns' drug dealings.

Grimmett was charged in the superseding indictment with one count of conspiracy to distribute marijuana in a conspiracy beginning in January 1980 and continuing until November 14, 1994. She failed to appear for a hearing on her bond, and a warrant issued. She was arrested in Florida on December 27, 1996, waived a removal hearing, and was returned to Missouri. She subsequently moved to dismiss the indictment against her on the ground that it was barred by the five year statute of limitations for noncapital offenses. See 18 U.S.C. § 3282.

The motion to dismiss was based on her contention that the five year limitations period had expired before the issuance of the indictment on November 14, 1994, because the period had started to run when she withdrew from the conspiracy after Kerns was murdered on June 27, 1989. She requested an evidentiary hearing on her statute of limitations claim, but her motion was denied without one. The magistrate judge reasoned that withdrawal is not an available defense to a drug conspiracy charge under 21 U.S.C. § 846, which does not require proof of an overt act, and that the indictment alleged a conspiracy that continued into the limitations period. He also noted that a defense of withdrawal is considered "a fact question for the jury to decide in the context of the entire case rather than on a pretrial motion." He did not discuss any distinction between withdrawal as a bar to prosecution under the statute of

-2-

limitations and withdrawal as a substantive defense to a conspiracy charge. The district court adopted the report and recommendation of the magistrate judge and denied the motion to dismiss without any findings of fact or additional legal discussion related to the statute of limitations issue.

After denial of the motion to dismiss, a plea agreement was negotiated and Grimmett pled guilty to failure to appear, 18 U.S.C. § 3146, and to conspiracy, 21 U.S.C. § 846, conditioned on her right to appeal the denial of her motion to dismiss based on the statute of limitations. The agreement concerning the plea to the drug conspiracy provided in part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waives the right to appeal her sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum or a sentence in violation of law apart from the sentencing guidelines.

At the sentencing hearing, Grimmett asked the court to apply the safety valve provisions in the Mandatory Minimum Sentencing Reform Act, see 18 U.S.C. § 3553(f), and in the sentencing guidelines, see USSG § 5C1.2, which permit a sentence below the statutory minimum if the defendant meets certain criteria. The district court ruled that Grimmett did not satisfy the required criterion that the offense not have resulted in death or serious bodily injury to any person because of Kerns' murder by coconspirators. See USSG § 5C1.2(3). Grimmett was sentenced to 120 months for the drug conspiracy, the statutory minimum, and one consecutive month for the failure to appear.

The main focus of Grimmett's appeal relates to the statute of limitations, but she also seeks to appeal the length of her sentence. Grimmett claims that the district court erred in considering only the time period alleged in the conspiracy count instead of

whether she withdrew from the conspiracy more than five years before the date the indictment was returned. She argues that when a coconspirator withdraws from a continuing conspiracy, the statute of limitations begins to run as to that coconspirator on the date of withdrawal and that she is entitled to an evidentiary hearing to show the date of her withdrawal. She also contends that the district court erred by not giving her the benefit of the safety valve sentencing option since Kerns' death was neither caused by nor reasonably foreseeable to her.[1]

The government responds that the motion to dismiss was properly denied because the indictment was valid on its face, that withdrawal is an affirmative defense that must be raised at trial, and that a withdrawal defense is not available for drug conspiracy charges. As to the sentencing issue, the government maintains that Grimmett waived her right in the plea agreement to appeal an issue such as the applicability of the safety valve and that she conceded at her sentencing hearing that she could not overcome the qualifying requirement that no death or serious bodily injury have resulted from the conspiracy.[2] Grimmett replies that she did not concede the safety valve issue or waive it in her plea agreement which preserved her right to appeal a "violation of law apart from the sentencing guidelines."

---

[1]Grimmett bases her foreseeability argument on the commentary to USSG § 5C1.2(3). The commentary states that "offense" refers to "the offense of conviction and all relevant conduct," see USSG § 5C1.2, comment. (n.3), and relevant conduct is defined in USSG § 1B1.3(a) in part as "all acts . . . willfully caused by the defendant" and "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."

[2]The hearing transcript reveals the following. In response to the court's question, "how do you get around what the third subsection of 5C1.2 says?" Grimmett's counsel said "Can't, Your Honor." The court replied: "I know. But from the evidence I heard during the trial and based on the information that's in the presentence investigation report . . . the death of Elmont Kerns was one very regrettable result of the conspiracy . . . . [S]o I do not believe that 5C1.2 applies." Sentencing Hearing Transcript at 19-20.

The denial of a motion to dismiss an indictment on statute of limitations grounds is reviewed de novo. See United States v. Dolan, 120 F.3d 856, 864 (8th Cir. 1997). The general rule is that an individual conspirator can commence the running of the statute of limitations as to that individual by affirmatively withdrawing from the conspiracy. See United States v. Antar, 53 F.3d 568, 582 (3d Cir. 1995); United States v. Salerno, 868 F.2d 524, 534 n.4 (2d Cir. 1989); In re Corrugated Container Antitrust Litigation, 662 F.2d 875, 886 (D.C. Cir. 1981). The government cites cases holding that withdrawal cannot be a defense to a conspiracy charge under a statute like 21 U.S.C. § 846 that does not require proof of an overt act, see United States v. Francis, 916 F.2d 464, 466 (8th Cir. 1990); United States v. Nicoll, 664 F.2d 1308, 1315 (5th Cir. 1982), but those cases do not deal with a statute of limitations bar. They support the general rule that a defendant may not raise withdrawal as an affirmative defense to a conspiracy charge where no overt act is necessary. They do not address withdrawal as a statute of limitations issue.

Even where withdrawal is not an available defense to conspiracy, withdrawal can be a bar to prosecution or conviction if it took the defendant's participation outside the limitations period. See United States v. Gornto, 792 F.2d 1028, 1033 (11th Cir. 1986); see also United States v. Nava-Salazar, 30 F.3d 788, 799 (7th Cir. 1994) ("[w]ithdrawal does not absolve a defendant from his membership in the conspiracy" under 21 U.S.C. § 846 but it may be raised "with the defense of statute of limitations") (quoting United States v. Read, 658 F.2d 1225, 1232-33 (7th Cir. 1981)). If Grimmett can show that she affirmatively disavowed the conspiracy more than five years before the indictment by "making a clean breast to the authorities or by communicating her withdrawal in a manner reasonably calculated to reach coconspirators," United States v. Askew, 958 F.2d 806, 812-13 (8th Cir. 1992), the statute would have run. See Gornto, 792 F.2d at 1033. The cited cases recognize the distinction between a statute of limitations challenge based on a withdrawal claim and withdrawal as a substantive defense to a conspiracy charge; the former may be pursued even when the latter is unavailable.

A statute of limitations bar is generally considered "capable of determination without the trial of the general issue" and may properly be raised before trial. See Fed. R. Crim P. 12(b) advisory committee's note to subdivision (b)(1) and (2); see also Jaben v. United States, 333 F.2d 535, 538 (8th Cir. 1964). Grimmett is not offering withdrawal as a defense to the crime of conspiracy, and the issue of potential bar by the statute of limitations claim does not go to the question of guilt or innocence which is the general issue for trial. See United States v. Ayarza-Garcia, 819 F.2d 1043, 1048 (11th Cir. 1987); see also United States v. Weller, 401 U.S. 254, 260 (1971) ("special plea in bar" does not deny that defendant committed the acts alleged or that the acts were a crime but affirms that prosecution is barred because of an extraneous factor, such as the statute of limitations). Grimmett's statute of limitations issue was a proper subject for a pretrial motion to dismiss under Fed. R. Crim. P. 12(b), and the motion should not have been denied without fuller consideration.

It is not possible to determine from the record on appeal whether Grimmett's argument that her prosecution is time barred turns on disputed issues of fact. The government has not disputed Grimmett's factual contentions about her alleged withdrawal, and the magistrate judge did not indicate that he had found a factual dispute in the record, only that the defense of withdrawal is generally a subject for trial. It may be that the statute of limitations issue can be determined on remand as a matter of law, but there could be significant issues of fact such as whether Grimmett continued illegal drug activities or when she went to the authorities. The rules provide that a court may make findings of fact in order to rule on a pretrial motion, see Fed. R. Crim. P. 12(g), but if there are factual issues "inevitably bound up with evidence about the alleged offense itself," they may need to be deferred to trial. United States v. Wilson, 26 F.3d 142, 159 (D.C. Cir. 1994); see Fed. R. Crim. P. 12(e); United States v. Williams, 644 F.2d 950, 953 (2d Cir. 1981); United States v. Barletta, 644 F.2d 50, 58 (1st Cir. 1981); see also United States v. Covington, 395 U.S. 57, 60 (1969). Here, Grimmett gave up her right to a jury trial by pleading guilty so if there were a factual dispute that could not be resolved by the court and she wished to continue to press the

statute of limitations issue, she would have to move to vacate her guilty pleas and seek to proceed to trial on the original charges. It would then be up to the district court to decide whether such a motion should be granted. For all these reasons the record needs to be more fully developed, and we remand for that purpose.

Since the issues raised in the motion to dismiss based on the statute of limitations were not fully considered, the order of the district court denying the motion is reversed, the judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.[3]

LOKEN, Circuit Judge, dissenting.

I agree with the major legal premise underlying the court's decision in this case -- a conspirator commences the running of the statute of limitations as to her by affirmatively withdrawing from a conspiracy to distribute drugs in violation of 21 U.S.C. § 846. However, that premise leads the court to reverse only because it mischaracterizes the district court's ruling. Therefore, I respectfully dissent.

Patricia Grimmett filed a motion to dismiss the indictment as time-barred by the five-year statute of limitations in 18 U.S.C. § 3282. Her motion alleged withdrawal from the conspiracy after Elmont Kerns was murdered[4] and concluded by asking the district court to "schedule a factual hearing to establish on the record the facts alleged by movant in support of her motion." The magistrate judge issued a Report and

---

[3]Because of this disposition, it is not necessary to determine Grimmett's alternative argument about being entitled to the safety valve at sentencing, but it appears that she waived this issue in her plea agreement and that she would not qualify under the required criteria, see 18 U.S.C. § 3553(f)(1)-(5); USSG § 5C1.2(1) -(5).

[4]For additional background regarding the underlying conspiracy, see United States v. Moore, No. 97-2603 (8th Cir. Jun. 26, 1998).

Recommendation suggesting that the motion be denied. The district court adopted the Report and Recommendation, noting that the court agreed with the magistrate judge's conclusions of law. Thereafter, Grimmett entered into a plea agreement, paragraph 3 of which provided: "The defendant reserves the right to appeal the adverse ruling she received regarding her motion to dismiss indictment based on statute of limitations."

The court reverses based on its view that the magistrate judge recommended denial of Grimmett's motion because "withdrawal is not an available defense to a drug conspiracy charge under 21 U.S.C. § 846," without "fully consider[ing]" the statute of limitations issue. I conclude that is an unfair characterization of the operative paragraph of the magistrate judge's Report and Recommendation:

> The conspiracy statute under which Defendant Grimmett is charged, 21 U.S.C. § 846, does not require proof of an overt act. United States v. Escobar, 50 F.3d 1414, 1419 (8th Cir. 1995). Thus, the defense of withdrawal is unavailable in this case. Furthermore, *the issue of withdrawal from a conspiracy, even when it is available as a defense, is a fact question for the jury to decide in the context of the entire case rather than as pretrial motion.* United States v. Jimenez, 622 F.2d 753, 755-56 (5th Cir. 1980). "With respect to conspiracy statutes that do not require proof of an overt act, the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period." United States v. Coia, 719 F.2d 1120, 1124 (11th Cir. 1983) (citations omitted), [cert. denied, 466 U.S. 973 (1984).]

(Emphasis added.) A fair reading of that paragraph is that the motion to dismiss was denied at least in part because it turned upon a disputed issue of fact, Grimmett's alleged withdrawal from the conspiracy. Indeed, it is apparent from the district court record that Grimmett's counsel so understood it. The magistrate judge's Memorandum of Matters Discussed and Action Taken at Pretrial Conference, filed the same day as his Report and Recommendation, recites that defense counsel announced that at trial "the defendant will rely on the defenses of statute of limitations and general denial."

In other words, defense counsel understood that the magistrate judge's recommendation, if adopted by the district court, would not preclude proof of a statute of limitations/withdrawal defense at trial.

Viewed in this procedural context, the district court's denial of Grimmett's motion to dismiss was correct. There can be no doubt that withdrawal from a conspiracy is a fact intensive issue that is submitted to the jury. See United States v. United States Gypsum Co., 438 U.S. 422, 462-65 (1978); United States v. Gornto, 792 F.2d 1028, 1033 (11th Cir. 1986); Jimenez, 622 F.2d at 755-58. Indeed, there is a split among the circuits on the question whether withdrawal is an element of the government's case because it goes to the issue of membership in the conspiracy, or an affirmative defense that the defendant must prove. See United States v. MMR Corp., 907 F.2d 489, 499-500 (5th Cir. 1990), cert. denied, 499 U.S. 936 (1991). If it is an element of the government's case -- an issue we need not address -- a defendant unquestionably has a Fifth and Sixth Amendment *right* to have it submitted to the jury. See United States v. Gaudin, 115 S. Ct. 2310 (1995). Thus, it was neither error nor an abuse of discretion for the district court to deny Grimmett's request for a pretrial evidentiary hearing on this issue, and then to deny the motion to dismiss because it turned on a disputed issue of fact. As the Eleventh Circuit said in United States v. Coia, 719 F.2d at 1125 (cited by the magistrate judge):

> The district court should approach with delicacy and circumspection the question of whether to dismiss a case on the ground that, at trial, the proof, as a matter of law, would fail to establish the commission of the charged offense within the limitations period.

In these circumstances, I conclude that Grimmett's appeal on this issue fails for two reasons. First, in the plea agreement she reserved only the right to appeal the district court's ruling on her motion to dismiss, and that ruling was correct. Second, further litigation of Grimmett's claim of withdrawal is foreclosed by her guilty plea,

which "comprehend[ed] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt." <u>United States v. Broce</u>, 488 U.S. 563, 569 (1989). I further conclude that Grimmett does not qualify for a safety valve sentencing departure. Accordingly, I would affirm.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.