# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3201

_____

Gary L. Massey,

        Appellant,

v.

United States of America,

        Appellee.

\*    Appeal from the United States
\*    District Court for the
\*    Northern District of Iowa.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted:    December 7, 1999
Filed:    December 23, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Gary L. Massey appeals the district court's[1] order denying his 28 U.S.C. § 2255 motion to vacate his drug-conspiracy sentence. In his motion, he asserted ineffective assistance based on counsel's failure to investigate his mental competency during the conspiracy, and counsel's failure to investigate Massey's withdrawal from the conspiracy. We affirm.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

On appeal, Massey argues that his mental condition prevented him from entering the conspiracy in the first place and that he withdrew before the conspiracy was ever formed. These arguments are a variation on those he raised below, but giving Massey the benefit of the doubt, we will assume his appeal arguments were properly preserved.

We conclude, however, after carefully reviewing the record, that Massey's arguments fail. First, he has not shown that, but for his counsel's error in failing to investigate a mental incompetency defense, he would not have pleaded guilty and would have insisted on going to trial with such a defense. See Matthews v. United States, 114 F.3d 112, 113-14 (8th Cir. 1997) (test for challenges to guilty pleas based on ineffective assistance of counsel), cert. denied, 118 S. Ct. 730 (1998). Specifically, Massey has made no showing that obtaining the medical records--which he faults counsel for not obtaining--would have yielded grounds for a defense that he was unable to form the criminal intent necessary to enter the conspiracy.

As to Massey's argument that counsel failed to investigate a conspiracy-withdrawal defense, the record does not support that he withdrew before the conspiracy was formed, or for that matter, that he ever actually withdrew by clearly communicating to his co-conspirators an intent to withdraw or by reporting the conspiracy to police. See United States v. Askew, 958 F.2d 806, 812-13 (8th Cir. 1992) (defendant must demonstrate he made clean breast to police or communicated withdrawal in manner reasonably calculated to reach co-conspirators); United States v. Francis, 916 F.2d 464, 466 (8th Cir. 1990) (gist of offense of drug conspiracy is unlawful agreement; once agreement is made conspiracy is complete), cert. denied, 500 U.S. 926 (1991). Thus, Massey can show neither deficient performance, nor resulting actual prejudice, arising out of counsel's failure to investigate and raise this defense.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.