United States v. Roy

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Argued: April 2, 2015          Decided: April 20, 2015)

Docket No. 13-4702

_____

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

EMMANUEL ROY,

*Defendant-Appellant,*

DANNY SIONY, AKA RAHIM SIUNY KALIMI, SHIRIN KALIMI, AKA SHIRIN SIOUNY,
TARIFF DILL, CONSTANTINE GIANNAKOS,

*Defendants.*

_____

B e f o r e:    KATZMANN, *Chief Judge*, POOLER and CARNEY, *Circuit Judges*.

_____

Appeal from a judgment of conviction following a jury trial on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, three counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349 (Griesa, *J.*). We hold that the district court did not err in instructing the jury on the two conspiracy counts because proof of an overt act is not required for a conspiracy conviction under 18 U.S.C. § 1349.

_____

B. ALAN SEIDLER, New York, NY, *for Defendant-Appellant*.

ROBERT L. BOONE, Assistant United States Attorney (Brian A. Jacobs, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

_____

PER CURIAM:

Defendant Emmanuel Roy appeals from a judgment of conviction, entered on December 10, 2013, by the U.S. District Court for the Southern District of New York (Griesa, *J.*), following a jury trial in which Roy was convicted of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, three counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349. On appeal, Roy argues that the district court erred by failing to instruct the jury that proof of an overt act is required for a conviction under the two § 1349 conspiracy

2

charges.[1] The question of whether a conspiracy conviction under § 1349 requires proof of an overt act is one of first impression in this Circuit. We hold that proof of an overt act is not required for a conspiracy conviction under 18 U.S.C. § 1349 and that the district court therefore did not err in its instructions on those charges.

**BACKGROUND**

Roy was charged in a five-count superseding indictment that was filed on November 13, 2012. Count One charged Roy with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Counts Two, Three, and Four charged Roy with wire fraud in violation of 18 U.S.C. § 1343. Count Five charged Roy with conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349.

At the end of trial, the district court instructed the jury on the elements of each charged crime. Of particular relevance here, the district court did not

---

[1] Roy also argues that the district court erred by: (1) dismissing a juror who knew a defense witness; (2) providing a jury instruction on the reasonable doubt standard that failed to compare that standard to other lower standards of proof and that included an allegedly improper "hesitate to act" formulation of reasonable doubt; (3) failing to instruct the jury on the "factual underpinnings" of Roy's charged crimes; (4) failing to provide the jurors with a copy of the Indictment; and (5) excluding certain expert testimony. We address those issues in a separate order, in which we affirm the district court's judgment for the reasons stated both in that order and in this opinion.

instruct the jury that it must find that Roy committed an overt act in furtherance of the conspiracies charged in Counts One and Five of the Indictment.

After a seven-day jury trial, Roy was convicted on February 1, 2013 of all five counts. On December 5, 2013, the district court sentenced Roy to an aggregate term of 87 months' imprisonment, three years of supervised release, and a $500 mandatory special assessment. This timely appeal followed.

**DISCUSSION**

On appeal, Roy argues that the district court erred by not instructing the jury that, for it to convict on Count One or Count Five, it must find that Roy committed an overt act in furtherance of the charged conspiracy.

We review *de novo* a district court's jury instruction. *See United States v. Naiman*, 211 F.3d 40, 50 (2d Cir. 2000). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Id.* at 51 (internal quotation marks omitted). A defendant challenging a jury instruction must demonstrate that he requested a charge that "accurately represented the law in every respect" and that the charge delivered was erroneous and prejudicial. *United States v. Applins*, 637 F.3d 59, 72 (2d Cir. 2011) (internal quotation marks omitted).

4

The two conspiracy counts in Roy's Indictment charged violations of 18

U.S.C. § 1349, which provides:

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

18 U.S.C. § 1349. The provision does not expressly note that an overt act is

required for a conspiracy conviction.

In 2005, the Supreme Court considered whether an overt act was required

to convict a defendant of conspiracy to commit money laundering, in violation of

18 U.S.C. § 1956(h). *See Whitfield v. United States*, 543 U.S. 209 (2005). That

statutory provision reads:

> Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

18 U.S.C. § 1956(h). The Supreme Court found that § 1956(h) does not require

proof of an overt act, reasoning that where the text of a statute "does not

expressly make the commission of an overt act an element of the conspiracy

offense, the Government need not prove an overt act to obtain a conviction."

*Whitfield*, 543 U.S. at 214, 219.

5

Section 1349 does not expressly require commission of an overt act. As a result, many other Circuits, as well as several district courts in this Circuit, have concluded that a conviction under the statute does not require proof of an overt act. *See, e.g., United States v. Rogers*, 769 F.3d 372, 380–82 (6th Cir. 2014); *United States v. Eason*, 579 F. App'x 807, 810 n.3 (11th Cir. 2014) (per curiam); *United States v. Pascacio-Rodriguez*, 749 F.3d 353, 363–64 & 364 n.49 (5th Cir. 2014); *United States v. Chinasa*, 489 F. App'x 682, 685–86 (4th Cir. 2012) (unpublished per curiam); *United States v. Fishman*, 645 F.3d 1175, 1186 (10th Cir. 2011); *United States v. Kazarian*, No. 10 Cr. 895, 2012 WL 1810214, at *24 n.12 (S.D.N.Y. May 18, 2012); *United States v. Albers*, No. 08-CR-819, 2011 WL 1225548, at *1 (E.D.N.Y. Mar. 31, 2011). We agree with these courts and conclude that a conspiracy conviction under § 1349 does not require proof of an overt act.

Despite the strong authority supporting the government's position, Roy argues that in a recent nonprecedential decision, we decided that a conviction for conspiracy under § 1349 requires proof of an overt act. *See United States v. Yakovlev*, 508 F. App'x 34 (2d Cir. 2013) (summary order). The *Yakovlev* panel explained that: "'[t]o prove conspiracy [under § 1349], the government must show that the defendant agreed with another to commit the offense; that he

knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and that an overt act in furtherance of the conspiracy was committed.'"  *Id.* at 36–37 (quoting *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008)).

But there are two reasons that *Yakovlev*'s description of the § 1349 elements should not control our decision. First, and most importantly, the discussion of the overt act requirement was clearly dicta. It was completely unrelated to the issue before the panel, which involved whether the defendant agreed with a co-conspirator to commit bank fraud. *See id.* Second, the *Yakovlev* decision simply quoted from *Huezo*, which in turn considered the overt act requirement in the context of a different statute, 18 U.S.C. § 1956(h). The problem is that *Huezo*'s discussion of the elements of a violation of § 1956(h) was also incorrect because the Supreme Court had specifically decided, three years earlier, in *Whitfield*, that a conspiracy conviction under § 1956(h) does not require proof of an overt act. *See Whitfield*, 543 U.S. at 219. As such, we do not give weight to *Yakovlev*'s recitation of the elements of conspiracy under § 1349.

## CONCLUSION

For the reasons stated herein, we hold that the district court did not err in instructing the jury on the two conspiracy counts because proof of an overt act is not a required element for a conspiracy conviction under 18 U.S.C. § 1349.