**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4677**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

DAVID T. ODOM,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:16-cr-00192-GLR-3)

Submitted: April 17, 2018                          Decided: April 27, 2018

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mirriam Z. Seddiq, MIRRIAM Z. SEDDIQ, LLC, Upper Marlboro, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Joyce K. McDonald, Rachel M. Yasser, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David T. Odom pled guilty, pursuant to a conditional guilty plea, to conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012). On appeal, Odom contends that the district court erred in denying his motion to dismiss the indictment as barred by the statute of limitations. Odom further contends that his conditional guilty plea is invalid because the district court did not make a factual determination regarding whether a letter sent on June 27, 2011 ("the June 27 letter") was part of the conspiracy. We reject Odom's contentions and affirm his conviction.

Pursuant to Fed. R. Crim. P. 11(a)(2), "a defendant may enter a conditional guilty plea or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." However, a conditional guilty plea may only be taken from a case-dispositive issue. *United States v. Bundy*, 392 F.3d 641, 647 (4th Cir. 2004). "The disposition of a pretrial issue is case-dispositive if (1) a ruling in the defendant's favor would require dismissal of the charges or suppression of essential evidence, or (2) a ruling in the Government's favor would require affirming the conviction." *Id.* at 648. If the issue reserved for appeal is nondispositive, the conditional plea is invalid. *Id.* at 649.

We conclude that Odom preserved appellate review of a case-dispositive issue. Although Odom attempts to frame the issue on appeal as "the duration of the scheme alleged," he reserved the right to appeal the district court's ruling on his motion to dismiss. The district court ruled that it was limited to the allegations in the indictment and thus it was required to accept the Government's factual allegation that the June 27

2

letter was part of the conspiracy. Odom was free to argue on appeal that the district court erred in reaching this conclusion, and if his arguments were successful on appeal, the ultimate result would be the dismissal of the indictment. Moreover, the district court confirmed that Odom understood the terms of his plea agreement and the limited nature of his appellate rights. Thus, we discern no error in the district court's acceptance of Odom's plea.

A defendant may file a motion to dismiss an indictment as barred by the statute of limitations pursuant to Fed. R. Crim. P. 12. *United States v. Grimmett*, 150 F.3d 958, 961 (8th Cir. 1998); *United States v. Jarvis*, 7 F.3d 404, 409 (4th Cir. 1993). "A district court may dismiss an indictment under Rule 12 where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Engle,* 676 F.3d 405, 415 (4th Cir. 2012) (internal quotation marks omitted). "We review the district court's factual findings on a motion to dismiss an indictment for clear error, but we review its legal conclusions de novo." *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014) (internal quotation marks omitted). In conducting our review, we are "ordinarily limited to the allegations contained in the indictment." *Engle*, 676 F.3d at 415; *see also Boyce Motor Lines, Inc. v. United States,* 342 U.S. 337, 343 n.16 (1952).

Conspiracy to commit wire fraud is governed by a 5-year statute of limitations. 18 U.S.C. § 3282(a) (2012). Generally, a "statute of limitations . . . runs from the last overt act during the existence of the conspiracy." *Fiswick v. United States*, 329 U.S. 211, 216 (1946). However, the government is not required to establish an overt act to prove a

3

conspiracy to commit wire fraud. *See United States v. Roy*, 783 F.3d 418, 420 (2d Cir. 2015) (collecting cases). Thus, the statute of limitations is satisfied if the government "alleges . . . that the conspiracy continued into the limitations period." *United States v. Seher*, 562 F.3d 1344, 1364 (11th Cir. 2009) (internal quotation marks omitted).

We conclude that the district court did not err in denying Odom's motion to dismiss the indictment. Because the Government was not required to establish an overt act to convict Odom, it was similarly not required to allege an overt act within the statute of limitations period. The Government alleged that the conspiracy continued into August 2011, within the limitations period. Additionally, and contrary to Odom's contention, the Government did not allege that the object of the conspiracy was to only obtain bridge financing; instead, it alleged that an object of the conspiracy was to defraud lenders. *See United States v. Qayyum*, 451 F.3d 1214, 1218 (10th Cir. 2006) ("To determine the scope of the alleged conspiratorial agreement, [a] court is bound by the language of the indictment." (internal quotation marks omitted)). Moreover, the Government alleged that the June 27 letter was an act of concealment and part of the conspiracy to defraud lenders. Even if the June 27 letter is not considered part of the conspiracy to defraud lenders, we conclude that the Government's allegations were sufficient to infer that the June 27 letter was intended to "lull the victim[] into a false sense of security," and thus that the conspiracy extended into the limitations period. *See United States v. Lane*, 474 U.S. 451-52 (1986).

Accordingly, we deny Odom's motions to expedite and for reconsideration and affirm the district court's judgment. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*