United States v. Perrotti

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
DENNIS JACOBS,
  <u>Circuit Judges</u>,
KATHERINE B. FORREST,[1]
  <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
  <u>Appellee</u>,

  -v.-                                                    16-3163

PAUL PERROTTI,
  <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

---

[1] Judge Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                          SARAH P. KARWAN, Assistant
                                       United States Attorney (Marc. H.
                                       Silverman, of counsel, on the brief),
                                       for John H. Durham, United States
                                       Attorney for the District of
                                       Connecticut; New Haven, CT.


FOR DEFENDANT-APPELLANT:                MARTIN MINNELLA, Minnella,
                                       Tramuta & Edwards; Middlebury,
                                       CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Paul Perrotti appeals from a judgment entered September 13, 2016 by the United States District Court for the District of Connecticut (Meyer, J.) convicting him on two counts of theft from a program receiving federal funds, in violation of 18 U.S.C. § 666. He was sentenced to three months' imprisonment and three years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

For several years, Perrotti was both the Middlebury Fire Chief and the President of the Middlebury Volunteer Fire Department, Inc. (the "MVFD"), a non-profit 501(c)(3) organization that provided fire and ambulance services to the Middlebury Fire Department. His day job was as a licensed electrician and owner of Paul Perrotti Electric LLC ("PPE"). The government's indictment charged Perrotti with submitting requests for reimbursement to Middlebury in his capacity as Fire Chief for expenses he represented were related to the MVFD, but in fact related to PPE and Perrotti's own personal expenses. On the basis of this conduct, the jury convicted Perrotti on Counts Two and Three of the

2

indictment (for 2012 and 2013), but was unable to reach a verdict as to Count One (for 2011).

**1.** Perrotti argues, pursuant to Federal Rules of Criminal Procedure 29(c) and 33, that he was not an employee of the Town of Middlebury and that he was therefore not an agent of the local government, as required by 18 U.S.C. § 666(a)(1). Perrotti cites Connecticut General Statutes § 7-301, which authorizes municipalities to establish fire departments or use municipal resources to support volunteer fire departments. Perrotti argues that, because Middlebury had not established a fire department in the Town Charter pursuant to § 7-301, Middlebury lacked authority to hire him as an employee of that department, and he therefore could not be a town employee as a matter of law.

Perrotti concedes that he did not raise this argument before the district court until months after the entry of judgment. Accordingly, the argument is subject to plain error review. United States v. Brown, 843 F.3d 74, 81 (2d Cir. 2016). "Under the plain error standard, an appellant must demonstrate that '(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting United States v. Marcus, 560 U.S. 258, 262 (2010)).

Although § 7-301 authorizes municipalities to establish fire departments, it does not preclude municipalities from hiring individuals for fire-related work pursuant to other Connecticut state laws. There are several other sources for Middlebury's authority to hire employees, including for fire-related work. For example, Conn. Gen. Stat. § 7-148(c)(4)(B) authorizes municipalities to "[p]rovide for fire protection, organize, maintain and regulate the persons providing fire protection, provide the necessary apparatus for extinguishing fires and do all other things necessary or desirable for the protection of the municipality from fire"; and Conn. Gen. Stat. § 7-148(c)(5)(C) authorizes municipalities to "[p]rovide for the employment of and prescribe the salaries, compensation and hours of employment of all officers and employees of the municipality and the duties of such officers and employees not expressly defined by the Constitution of the state, the general statutes, charter or special act[.]" Similarly, in Morris v.

Congdon, 893 A.2d 413, 420 (Conn. 2006), the Connecticut Supreme Court determined that the Board of Selectmen of a town "has authority, as a necessary concomitant of its general authority to superintend the concerns of the town, to create or eliminate a municipal position."  Finally, Section 601 of the Middlebury Town Charter provides that the "Board of Selectmen shall have the power to hire, establish the working conditions of, promote, discipline, suspend and dismiss all persons employed by the Town, either full or part time . . ."  Gov't App'x 1500.

Given these provisions (and the absence of any prohibition in § 7-301), Middlebury had authority to hire Perrotti as the Town Fire Chief.  Accordingly, Perrotti has failed to identify any legal error in the district court's determination that Perrotti was a town employee, much less an error that is clear or obvious.

**2.** Perrotti argues that the jury instruction regarding the first element of § 666 (whether Perrotti was an agent of Middlebury by virtue of his status as town employee) did not adequately inform the jury as to the definition of "employee."

We review de novo a district court's jury instructions.  United States v. Sheehan, 838 F.3d 109, 121 (2d Cir. 2016).  "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law."  United States v. Roy, 783 F.3d 418, 420 (2d Cir. 2015) (per curiam) (internal quotation marks omitted).  An erroneous jury instruction will not require a new trial, however, where the government can show that the error was harmless.  Sheehan, 838 F.3d at 121.

Perrotti argues that the jury instructions' definition of "employee" was erroneous because it failed to adhere to the common-law definition of "employee" as required by Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318 (1992).  The government counters by arguing that the more expansive definition issued to the jury was proper in light of the broad public integrity goals that motivated Congress' passing of § 666.

We need not resolve this dispute because we conclude that there is more than sufficient evidence for us to determine beyond a reasonable doubt that

4

Perrotti would have been convicted even had the jury been instructed with the Darden definition of "employee." Consequently, to the extent there was any error, it was harmless.

At bottom, the Darden test looks to the "hiring party's right to control the manner and means by which the product is accomplished." 503 U.S. at 323. Darden identifies a number of exemplary factors that weigh on that analysis, many of which overwhelmingly establish Perrotti's status as an employee. For example, Perrotti was treated as an employee for tax purposes, receiving a W-2 for each of the relevant years. See Saleem v. Corp. Transp. Grp., Ltd., 854 F.3d 131, 141 n.22. Further, the evidence showed that the town owned all of the instrumentalities of the fire department, controlled its budget, and provided Perrotti with a number of tools necessary to do his job, such as a car, gasoline, and a cell phone. In addition, Perrotti was responsible for supervising a town employee, which would have been an odd task to assign to a non-employee.

Perrotti's sole response on appeal is to argue that the town at time referred to the payments Perrotti received as a "stipend," and that a reasonable person would not associate a stipend with an employment relationship. The argument is meritless. The jury convicted Perrotti under the instructions given, which by necessity means that it concluded beyond a reasonable doubt that Perrotti's compensation, however else referred, constituted "wages or a salary." And, we have noted the non-controversial proposition that the "term 'employ' commonly means . . . 'to provide with a job that pays wages or a salary.'" United States v. Connolly, 552 F.3d 86, 92 (2d Cir. 2008) (quoting Merriam-Webster's Collegiate Dictionary 378 (10th ed. 2000)) (finding an individual not "employed" under the Darden factors in part because "he was not paid a salary").

Even assuming arguendo the district court utilized in its charge an erroneous definition of the term "employee" as used in § 666, we conclude that the error was harmless because "it is clear beyond a reasonable doubt that a rational jury would have found [Perrotti] guilty absent the error." Sheehan, 838 F.3d at 121 (internal quotation marks omitted).

**3.** Perrotti argues that the district court erred in excluding two defense exhibits.

5

We review rulings on the admissibility of trial evidence for abuse of discretion. United States v. Rowland, 826 F.3d 100, 114 (2d Cir. 2016). In conducting this review, we are "mindful" of the district court's "superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." United States v. Abu-Jihaad, 630 F.3d 102, 131 (2d Cir. 2010). We identify an abuse of discretion "only if the ruling was arbitrary and irrational." Id. (internal quotation marks omitted).

Federal Rule of Evidence 401 provides that evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that "fact is of consequence in determining the action." Federal Rule of Evidence 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Perrotti sought to introduce certain Middlebury Board of Selectman minutes concerning the Town Police Chief. Perrotti misstates the record: when the district court questioned the relevance of these minutes, defense counsel responded, "Your Honor, that's fine. We don't need to introduce them." Gov't App'x 890. The district court never ruled on the exhibit's admissibility because Perrotti waived the argument. United States v. Spruill, 808 F.3d 585, 597 (2d Cir. 2015) (explaining that waiver results "from a defendant's intentional decision not to assert a right").

Perrotti also sought to introduce proposed 2007 revisions to the Middlebury Town Charter, which were rejected by the electorate and which would have created a permanent fire commission with control over the MVFD Fire Chief. The district court acted well within its discretion in deciding that the 39 pages of proposed revisions were irrelevant under Rule 401: the failed 2007 proposal did not make it either "more or less probable" that Perrotti was a town employee in 2011, 2012, and 2013. The district court similarly acted within its discretion in determining under Rule 403 that any "potential probative value" was "substantially outweighed" by the burden of reviewing the lengthy documents and the confusion it would cause the jury. Gov't App'x 896-97. The

6

document would invite speculation as to why the referendum failed and how the failure to create a fire commission in 2007 informed the law in 2011, 2012, and 2013.  The district court did not act arbitrarily or irrationally in foreclosing such jury speculation, especially considering that the district court permitted Perrotti to "make the arguments [he] wishes to make about what . . . the law was in 2011, 2012, 2013, [and] what the Charter stated."  Id.  Accordingly, the district court did not abuse its discretion in excluding the proposed exhibit.

**4.** Perrotti argues that his use of "disguised billing," which concealed his involvement in a series of transactions with Middlebury, was not within the common law definition of fraud "because the Town knew of his participation, did not proffer a conflict of interest objection and paid the invoices for work done," and because his services "provided value added."  Br. of Appellant 33-34.  Perrotti therefore contends that the Government cannot meet the statutory threshold of $5,000 in 2012 and 2013, as required by 18 U.S.C. § 666(a)(1)(A)(i).

There were three instances of disguised billing: Perrotti installed gutter heating at one of the Town's firehouses and arranged for an invoice to be submitted to the Town in the name of Astro Electric, Inc., thereafter obtaining $700 for the work he performed; Perrotti received $2,000 from the Fire Department for providing instructional services and arranged for the Department to bill the Town without disclosing his involvement; and Perrotti performed certain rooftop electrical work at a Town firehouse, billing the Fire Department for $1,450 and then arranging for the Department to generate an invoice to the Town that omitted his company's involvement.  United States v. Perrotti, 185 F. Supp. 3d 276, 281 (D. Conn. 2015).

Perrotti's claim fails because the Government can reach the $5,000 threshold for both 2012 and 2013 without counting the amounts at issue in the disguised billing.  The 2012 fraudulent billings also included payments of $2,735 to Andrew Ubaldo and $8,492 for electrical parts.  United States v. Perrotti, 185 F. Supp. 3d 276, 282 (D. Conn. 2015).  And the 2013 fraudulent billings included payments of $248 to Ubaldo, $3,100 to Max Biggins, and $4,644 for electrical parts.  Id.  Accordingly, sufficient evidence supports the convictions, and we need not (and do not) decide whether Perrotti's use of disguised billing fell within the common law definition of fraud.

7

We have considered Perrotti's remaining arguments and conclude that they are without any merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK