# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-1387
_____

United States of America

*Plaintiff - Appellee*

v.

Angel Luis Toledo Castillo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: November 19, 2021
Filed: March 1, 2022
[Unpublished]
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

A jury convicted Angel Toledo Castillo of conspiring to distribute methamphetamine and the district court[1] sentenced him to 162 months of imprisonment. Toledo Castillo appeals, challenging the district court's jury

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

instructions and its calculation of the United States Sentencing Guidelines range. Neither challenge has merit.

Toledo Castillo first argues he was entitled to a conspiracy withdrawal jury instruction, consistent with his theory that because he withdrew from the conspiracy he was not guilty. "A defendant is entitled to an instruction explaining his defense theory if the request is timely, the proffered instruction is supported by the evidence, and the instruction correctly states the law." *United States v. Campbell*, 986 F.3d 782, 796 (8th Cir. 2021) (quoting *United States v. Faulkner*, 636 F.3d 1009, 1020 (8th Cir. 2011)). "Although district courts exercise wide discretion in formulating jury instructions, when the refusal of a proffered instruction simultaneously denies a legal defense, the correct standard of review is de novo." *Id.* (cleaned up) (quoting *United States v. Bruguier*, 735 F.3d 754, 757 (8th Cir. 2013) (en banc)).

Toledo Castillo was not entitled to his requested instruction because a withdrawal-from-the-conspiracy defense was not available to him. His requested instruction, which was based on Eighth Circuit Model Criminal Jury Instruction 5.06C, explained:

> If a person enters into an agreement but withdraws from that agreement before anyone has committed an act in furtherance of it, then the crime of conspiracy was not complete at that time and the person who withdrew must be found not guilty of the crime of conspiracy.

But as the committee comments to the model instruction correctly observe, "an instruction on withdrawal is *never appropriate* in a conspiracy prosecution under a conspiracy statute which does not require proof of an overt act." *Eighth Circuit Manual of Model Jury Instructions (Criminal)* 5.06C cmt. (2020) (emphasis added) (citing *United States v. Grimmett*, 150 F.3d 958, 961 (8th Cir. 1998), and *United States v. Francis*, 916 F.2d 464, 466 (8th Cir. 1990)); *see also Smith v. United States*, 568 U.S. 106, 111 (2013) (explaining a defendant's withdrawal from a conspiracy

"terminates the defendant's liability for postwithdrawal acts of his co-conspirators, but he remains guilty of the conspiracy").

The jury convicted Toledo Castillo of conspiring to distribute drugs in violation of 21 U.S.C. §§ 841 and 846. "In order to establish a violation of 21 U.S.C. § 846, the Government need *not* prove the commission of any overt acts in furtherance of the conspiracy." *United States v. Shabani*, 513 U.S. 10, 15 (1994) (emphasis added); *accord Francis*, 916 F.2d at 466 (explaining "no overt act is required" to convict a defendant "[f]or drug conspiracies under 21 U.S.C. § 846"). "Once the agreement is made, the offense is complete[,]" and a defendant cannot retroactively withdraw from the crime because "[t]he past cannot be undone." *Francis*, 916 F.2d at 466. Thus, he was not entitled to a withdrawal defense and the district court was correct to not give the requested instruction to the jury.

Toledo Castillo's attack on the district court's Guidelines calculation fares no better. He argues the district court wrongly applied a two-level enhancement for obstructing justice. *See* U.S.S.G. § 3C1.1. "We review a district court's factual findings underlying an obstruction of justice enhancement . . . for clear error" and its "construction and application of the Guidelines *de novo*." *United States v. Sanders*, 4 F.4th 672, 678 (8th Cir. 2021).

The district court imposed this enhancement because it found Toledo Castillo perjured himself at trial on four separate material topics related to his participation in the drug conspiracy. Toledo Castillo does not contest that "[c]ommitting perjury at trial constitutes an obstruction of justice within the meaning of § 3C1.1." *United States v. Flores*, 362 F.3d 1030, 1037 (8th Cir. 2004). And he concedes the district court did not clearly err in concluding he perjured himself at trial.

Nonetheless, Toledo Castillo argues his cooperation and honesty with law enforcement during the *investigation phase* should excuse his perjury at the *trial phase*. In other words, he argues the district court clearly erred by failing to weigh

his cooperation with law enforcement against his false testimony when applying the enhancement. Toledo Castillo offers no caselaw to support this argument and we are not aware of any. To the contrary, the plain language of the enhancement suggests a district court *must* apply the enhancement if it concludes the defendant willfully obstructed the administration of justice with respect to the prosecution of the offense, regardless of whether the defendant also cooperated with law enforcement during the investigation. *See* § 3C1.1.

The district court was, of course, free to vary downward from the Guidelines, as it did, based on Toledo Castillo's cooperation. But the district court certainly did not abuse its discretion by refusing to ignore Toledo Castillo's perjury at trial for purposes of § 3C1.1's enhancement solely because he cooperated with law enforcement during the investigation.

For the foregoing reasons, we affirm the district court.

_____